*Conway & Conway*
*Attorneys at Law*
*99 Park Avenue, 6th Floor*
*New York, New York 10016*
*Tel: (212) 938-1080*
*Fax: (212) 938-1207*
*www.conwaysecuritieslaw.com*

Writer's Direct:
(212) 938-1080
kpc@conway-conway.com

March 29, 2023

**Via ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  **NAVCAN.DC, Inc., et al. v. Jeffrey Rinde and CKR Law, LLP, Docket No. 23-cv-02267**

Dear Judge Schofield,

    Please be advised that Conway & Conway represents Plaintiffs NAVCAN.DC, Inc. (previously known as Cascade Divide Data Centers, Inc.), DACH Holdings, LLC, Silverstein Realty Group, Inc., Silver Springs Development, Inc., GGH, Inc., and Residencial de Chihuahua 2001, S.A. de C.V (collectively, "Plaintiffs") in the above-referenced matter. We write pursuant to Section III(A) of your Individual Rules and Procedures for Civil Cases to request a pre-motion conference in anticipation of filing a Motion for Alternative Service on Defendant Jeffrey Rinde pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.

**Factual Background**

    Mr. Rinde's last known address is 1330 6th Avenue, New York, NY 10019. However, upon information and belief, Mr. Rinde has fled the United States and now resides in an unknown location in Asia. In the course of the terminated AAA Arbitration between the same Parties preceding the instant matter, Mr. Rinde submitted an affirmation stating "I now live and work in Asia[.]" When pressed by the AAA Panel for a more specific statement as to Mr. Rinde's whereabouts during an oral argument, Mr. Rinde's arbitration counsel, Michael Maloney, Esq. ("Mr. Maloney"), represented that he believed that Mr. Rinde resides somewhere in the country of Cambodia, but that he was unaware of Mr. Rinde's exact location or address. Plaintiffs' counsel has reached out to Mr. Maloney via email to inquire as to whether Mr. Maloney would accept service of the Summonses and Complaint. Mr. Maloney advised that he had discussed potential retention in this matter with Mr. Rinde, but had not yet been retained by Mr. Rinde and has not been authorized to accept service. As Plaintiffs do not know where Mr. Rinde currently resides, service by the means prescribed under the FRCP is impracticable. However, Plaintiffs are aware of Mr. Rinde's email address, as Mr. Rinde attempted to communicate directly with

Plaintiffs' counsel vie email during the course of the terminated AAA arbitration between the Parties. Additionally, as Mr. Maloney has indicated that he is in communication with Mr. Rinde in regard to his potential retention in this matter, service of the Summons and Complaint via email on Mr. Maloney should be sufficient to provide Mr. Rinde notice of this proceeding. Additionally, in at least two cases before the Supreme Court of the State of New York, New York County, New York State Judges have issued Orders permitting service on Mr. Rinde by way of emails to Mr. Rinde and Mr. Maloney.[1]

**Legal Grounds for Alternative Service via Email**

Plaintiffs are not aware of Mr. Rinde's current residence, except that he allegedly resides in an unspecified location in the continent of Asia, possibly within the country of Cambodia, and thus service of the Summons and Complaint on Mr. Rinde is impracticable by the means prescribed by the FRCP without your Honor's input. Pursuant to FRCP 4(f)(3), "an individual— other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States… by other means not prohibited by international agreement, as the court orders." USCS FRCP Rule 4. A New York Southern District Court has previously held that "[t]he only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002). 'Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.' Id." Ehrenfeld v. Mahfouz, 2005 U.S. Dist. LEXIS 4741 (SDNY 2005). "The Hague Convention does not prohibit service on a foreign defendant's U.S. counsel or service by email." Zanghi v. Ritella, 2020 U.S. Dist. LEXIS 20279, *15.

A New York Southern District Court has held that "the proposed means of service 'must also comport with constitutional notions of due process,' Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002), which require 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' Luessenhop v. Clinton County, N.Y., 466 F.3d 259, 269 (2d Cir. 2006)." Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig., 265 F.R.D. 106, 115. Courts in the Second Circuit have frequently held that alternative service by email pursuant to FRCP 4(f)(3) is sufficient to satisfy the due process requirement. See FTC v. Pecon Software

---

[1] To comply with the page limit requirement in this Court's Rules, Plaintiffs have omitted copies of the relevant exhibits referenced herein. Upon the Court's request, Plaintiffs would be happy to provide a copy of Mr. Rinde's Affirmation, Plaintiffs' counsel's email exchange with Mr. Rinde's arbitration counsel, the emails Plaintiffs' counsel received from Mr. Rinde, and the New York State Court Orders permitting email service on Mr. Rinde in separate matters. The New York State Court Orders referenced are also available via the New York State Courts Electronic Filing System ("NYSCEF"). See In the Matter of the Application of DMG Capital, Inc. For an Order Pursuant to CPLR 7510 Confirming the Final Arbitration Award of JAMS Arbitrator Nancy Kramer, dated January 10, 2023 v. CKR Law, LLP, et al, Case No. 650596/2023 at NYSCEF Docket No. 22; and, Alexandra Levin v. CKR Law, LLP, et al, Case No. 651661/2022 at NYSCEF Docket No. 28.

Ltd., 2013 U.S. Dist. LEXIS 111375, *14 ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); see also Grp. One Ltd. v. GTE GmbH, 523 F. Supp. 3d 323, 345 ("Service upon Defendants via email, like the service in *Mattel Inc.*, comports with due process because Defendants communicated directly with Plaintiff's counsel concerning anticipated or pending patent infringement litigation on prior occasions via email"); see also Pearson Educ. Inc. v. Doe 1, 2019 U.S. Dist. LEXIS 210349, *6 ("Email service has also repeatedly been found by courts to meet the requirements of due process.")

Here, service of process via email to Mr. Rinde and Mr. Maloney is reasonably calculated to apprise Mr. Rinde of the pendency of the instant matter. Mr. Rinde used the email address jrinde@jingsh.com as recently as October of 2022 in an attempt to communicate with Plaintiffs' counsel. In a matter before the Supreme Court of the State of New York, a petitioner was permitted by the Court to effect service of process on Mr. Rinde via email to another of his email addresses, jrinde@ckrlaw.com, on March 7, 2023. Mr. Rinde had also communicated with Plaintiffs' counsel via the jrinde@ckrlaw.com email address prior to Plaintiffs' initiation of the terminated AAA arbitration proceeding. To the best of Plaintiffs' knowledge, both email addresses remain active and in use by Mr. Rinde. Furthermore, service of process via additional email to Mr. Maloney would also be sufficient to put Mr. Rinde on notice of the instant matter. In fact, as Mr. Maloney has indicated that he has already discussed potential retention by Mr. Rinde in this matter, it can be reasonably assumed that Mr. Rinde is already aware of this matter. *See Exhibit 2, Email Exchange.* Mr. Maloney additionally represented Mr. Rinde throughout the terminated AAA arbitration proceeding between the same Parties. Though he took every opportunity to obstruct and delay the AAA arbitration proceeding as described in Plaintiffs' Complaint, and eventually caused its termination by his non-payment of requisite arbitrators' fees, Mr. Rinde participated in the arbitration proceeding throughout the course of that matter despite his alleged absence from the United States. There is no reason to believe that he cannot participate in the instant proceeding via the same remote means. Thus, service of process via email to Mr. Rinde and Mr. Maloney would be sufficient to satisfy constitutional due process requirements.

**Conclusion**

For the foregoing reasons, Plaintiffs request that this Court schedule a pre-motion conference in anticipation of Plaintiffs' Motion for Alternative Service on Defendant Jeffrey Rinde pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, on April 12, 2023 or another date convenient for the Court.

Very Truly Yours,

Kevin P. Conway

**CC Via email:**
Michael Maloney, Esq.
*AAA Arbitration Counsel for Defendants*
mmaloney@felicellolaw.com