# FELICELLO

Michael James Maloney[*]
Partner

Felicello Law P.C.
366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
Direct +1 (646) 564-3510
mmaloney@felicellolaw.com

May 24, 2023

VIA ECF

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Tel. (212) 805-0288

Re: *NAVCAN.DC, Inc. et al. v. Jeffrey Rinde, et al.*, Case No. 1:23-cv-02267-LGS
Proposed Civil Case Management Plan

Dear Judge Schofield:

      I humbly submit this request that the Court accept this letter in response to Plaintiffs'[1] letter and proposed Civil Case Management Plan filed at ECF Dkt. No. 30. I was unable to meet and confer with counsel for Plaintiffs in advance of the 12:00 pm deadline to file a joint letter today for the following reasons: First, I was unable to speak to my client regarding my proposed edits to the case management plan until late last night. Second, last evening Judge Cormac Carney, who is presiding over a case in the Central District of California in which I am trial counsel for plaintiff, issued an order advancing a trial from October 17, 2023 to July 11, 2023. This order required substantial attention last evening and this morning to confirm the availability of my client in that case, who is located in Hong Kong, and amendments to my trial subpoenas.[2] Finally, this morning I also appeared for a previously scheduled oral argument before Magistrate Judge Valerie Figueredo. I had emailed Mr. McGrath earlier this morning, suggesting that we speak after my appearance. Because of the foregoing, I was not able to contact Mr. McGrath before the 12:00 p.m. deadline. I prepared this letter as soon as practicable under the circumstances. Accordingly, I respectfully request the Court's indulgence in accepting this letter in response to Plaintiffs' letter and proposed Civil Case Management Plan.

---

[1] Plaintiffs here are NAVCAN.DC, Inc. (previously known as Cascade Divide Data Centers, Inc.) ("NAVCAN" or "Cascade"), DACH Holdings, LLC ("DACH"), Silverstein Realty Group, Inc. ("SRG"), Silver Springs Development, Inc. ("Silver Springs"), GGH, Inc. ("GGH"), and Residencial de Chihuahua 2001, S.A. de C.V. ("Residencial").

[2] *See Texmont Design Limited v. Halston Operating Company, LLC et al.*, No. 2:18-cv-10164-CJC (CACD) ECF Dkt. No. 196.

*Admitted to practice law in New York

**A. Defendants' Response to the Proposed Civil Case Management Plan**

Defendants' hereby respond to each paragraph number of the proposed Civil Case Management Plan as follows:

1. Defendants <u>do not</u> consent to proceed before a U.S. Magistrate Judge;

2. The parties <u>have not</u> conferred pursuant to Fed. R. Civ. P. 26(f);

3. <u>No</u> to all subparagraphs.

4. Defendants contend that this dispute is required to be submitted to arbitration. Settlement discussions <u>have not</u> occurred.

5. No additional parties may be joined after <u>June 14, 2023</u> without leave of Court.

6. Amended pleadings may be filed without leave of Court until <u>August 31, 2023</u>.

7. Initial disclosures by <u>June 16</u>, 2023.

8. Fact Discovery

    a. Fact discovery completed by <u>September 29, 2023</u>.

    b. Initial requests served by <u>June 14, 2023</u>.

    c. Responsive documents to be produced by <u>August 11, 2023</u>., subject to entry of an appropriate confidentiality order. Discovery ESI <u>is</u> anticipated.

    d. Interrogatories served by <u>June 14, 2023</u>.

    e. Depositions to be completed by <u>September 29, 2023</u>.

    f. Requests to admit to be served by <u>August 11, 2023</u>.

9. Defendants reserve the right to retain an expert witness.

10. This case <u>is not</u> to be tried to a jury. Defendants contend that written agreements signed by the Plaintiffs, or their predecessors in interest, include jury trial waivers.

11. Defendants estimate the trial to require <u>7</u> days.

12. Other issues: Defendants will submit a proposed protective order providing for the confidentiality of commercially sensitive business and other confidential records. Defendants expect to seek discovery of various witnesses located outside the United States and reserve the right to request issuance by the Court of letters rogatory for the testimony of relevant witnesses.

13. Status letters and conferences:

   a. First joint status letter to be filed by <u>August 14, 2023</u>.

   b. Second joint status letter to be filed by <u>October 13, 2023</u>.

   c. Pre-motion conference to be held on October 13, 2023 at 10:00 a.m.

Defendants respectfully reserve the right to seek other or further amendments to the proposed schedule based on the outcome of the re-scheduling of trials in undersigned counsel's other actions.

**B. Defendants' Statement of the Case**

**1. Nature of the Case.**

Plaintiffs are a collection of businesses who lack the credit history to obtain bank financing. During the relevant period, Plaintiffs solicited financing from alternative lenders, including non-parties Straightline Capital, LLC ("Straightline") and Monster Capital Corp. ("Monster"). During the relevant time, each of the Plaintiffs entered into loan agreements with either Straightline or Monster. Defendants were not party to and had no involvement in the loan agreements signed by Plaintiffs NAVCAN, DACH, Silver Springs, GGH, and Residencial, With respect to Plaintiff SRG, Defendant CKR was engaged to provide corporate advice to SRG but did not breach any of its duties to SRG.

After each of the Plaintiffs executed their respective loan agreements with Straightline or Monster, they asked CKR to serve as escrow agent for the loan transactions. CKR agreed to serve as an escrow agent pursuant to the terms of written escrow agreements signed by each of the Plaintiffs. The escrow agreements provide that CKR's role and responsibility were strictly limited to the holding and release of escrow deposits upon receipt of qualifying documents by Straightline, Monster, and their respective counterparties. CKR fully complied in good faith with its obligations and released the funds only upon receipt of the documents specified in the escrow agreements. Defendants seek dismissal of all claims with prejudice, an award of indemnification pursuant to the terms of the escrow agreements, costs and disbursements, and attorney's fees.

**2. Subject Matter Jurisdiction**

Defendants contend that this dispute must be submitted to arbitration pursuant to the terms of the arbitration provisions of the escrow agreements between each of the Plaintiffs and CKR and pursuant to the terms of the engagement letter between CKR and SRG. Defendants contend that the prior arbitration was prematurely terminated by Plaintiffs for the express purpose of frustrating and avoiding the obligation to arbitrate pursuant to the escrow agreements.

**3. Citizenship of the Parties**

CKR is a California limited liability partnership that was formerly headquartered in New York. CKR is in the process of winding down its business. Mr. Rinde is a U.S. citizen who was

visiting Asia on business when the COVID-19 pandemic started and became subject to severe travel restrictions that prevented him from returning to the United States for years. Mr. Rinde ultimately was forced to move his practice to Asia to support himself, and is now currently residing in Cambodia.

### 4. Anticipated Motions

Defendants anticipate filing a motion to dismiss and/or stay this action on the grounds that the dispute must be submitted to arbitration. Defendants also reserve the right to seek dismissal pursuant to one or more of the subsections of Fed. R. Civ. Proc. 12(b).

### 5. Discovery

Defendants anticipate substantial discovery, including ESI in the possession, custody, or control of the Plaintiffs and relevant third-party witnesses. Defendants anticipate the ESI to include email, text message, WhatsApp, and other electronic communications between Plaintiffs and the principals of Straightline and Monster, which will demonstrate that Straightline and Monster made misrepresentations to Plaintiffs, not Defendants.

### 6. Damages

Defendants oppose Plaintiffs' damages claims. Plaintiffs' damages were cause by Straightline, Monster, or/ other third-parties.

Under the written escrow agreements, Defendants are entitled to indemnification from the Plaintiffs. At this time, Defendants' indemnification damages have not been quantified.

### 7. Settlement

There have been no substantive settlement discussion to date.

\* \* \*

Respectfully submitted,

*/s/ Michael James Maloney*

Michael James Maloney

cc: All counsel of record.