**FELICELLO**

Michael James Maloney*
Partner

Felicello Law P.C.
366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
Direct +1 (646) 564-3510
mmaloney@felicellolaw.com

June 14, 2023

VIA ECF

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Tel. (212) 805-0288

Re: *NAVCAN.DC, Inc. et al. v. Jeffrey Rinde, et al.*, Case No. 1:23-cv-02267-LGS
Pre-motion letter pursuant to Individual Rule III.C.2
Motion pursuant to Rule 12(b)(1) and 9 U.S.C. § 4 to compel arbitration and dismiss

Dear Judge Schofield:

I represent Defendants Jeffrey Rinde and CKR Law LLP ("CKR")(together, the "Defendants"). Pursuant to Individual Rule III.C.2, Defendants submit this pre-motion letter regarding Defendants' motion pursuant to Rule 12(b)(1) of the Fed. R. Civ. Proc. and 9 U.S.C. § 4 to compel Plaintiffs[1] to arbitrate their claims and dismiss and/or stay this action.

The basis for the motion is that each of the Plaintiffs (or, in the case of Silver Springs, its assignee) signed written Escrow Agreements requiring all disputes to be arbitrated. Rinde Decl. ¶¶5-6.[2] Although Plaintiffs had commenced and participated in a previous arbitration before the AAA, they have not satisfied their obligation to arbitrate this dispute pursuant to the arbitration provision of the Escrow Agreements. And Defendants have not waived their right to arbitration of this dispute, Rinde Decl. ¶8, and have secured the financial resources to pay for arbitration fees. Rinde Decl. ¶¶24-25 and Annex thereto.

Plaintiffs' allegation in 11 and 13 of the Complaint, that arbitration is no longer required because the prior proceeding was terminated on January 13, 2023, is without merit. First, the prior

---

[1] Plaintiffs in this action are NAVCAN.DC, Inc., formerly known as Cascade Divide Data Centers, Inc. ("NAVCAN"), DACH Holdings, LLC ("DACH"); Silverstein Realty Group, Inc. ("SRG"); Silver Springs Development, Inc. ("Silver Springs"); GGH, Inc. ("GGH"); and Residencial de Chihuahua 2001, S.A. de C.V. ("Residencial") (altogether, the "Plaintiffs").
[2] The "Rinde Decl." refers to the Declaration of Jeffrey Rinde dated June 14, 2023 and filed with this letter.

*Admitted to practice law in New York

arbitration was not terminated solely because of nonpayment by Defendants. Rinde Decl. ¶22. Over $100,000 in arbitration fees and deposits were due and owing from the *Plaintiffs* before the arbitration was terminated. *See* Maloney Decl.[3] Ex. C at 2. Plaintiffs' allegation concerning their "inability" to pay is wholly unsupported and conclusory. Compl. ¶ 11. Second, the arbitration was not terminated because of any outright refusal by Defendants to pay. Rinde Decl. ¶¶20-26. Defendants have at all times intended to pay, acted in good faith to raise funds sufficient to pay, and timely requested additional time to pay. Rinde Decl. ¶¶20-26. Defendants never refused or disputed the amounts owed for arbitration fees and deposits and never waived their right to arbitration pursuant to the arbitration provision of the Escrow Agreements. Rinde. Decl. ¶¶20-26. Third, arbitration was not terminated with prejudice and neither the AAA not any other arbitral forum has indicated that it would utterly refuse to administer an arbitration of this dispute. Defendants have now secured financing sufficient to pay the costs of arbitration. Rinde Decl. ¶24.

The *Cota v. Art Brand Studios, LLC* case cited in the Complaint is misapplied by Plaintiffs. *Cota v. Art Brand Studios, LLC*, 2021 U.S. Dist. LEXIS 199325, 2021 WL 4864588 (S.D.N.Y. Oct. 15, 2021). In *Cota*, the issue was whether the party asserting arbitration was "unwilling" to pay the cost of arbitration and that unwillingness resulted in "prejudice" to the other side. *Cota*, 2021 U.S. Dist. LEXIS 199325 at *28, 32-33. This is not the case here.

In this case, Defendants have always been willing to pay the costs of arbitration. Rinde Decl. ¶¶20-26. They have acted with good faith and diligence to locate funding sufficient to pay these costs. Rinde Decl. ¶¶20-26. Plaintiffs' conclusory allegations of bad faith are unsubstantiated, Maloney Decl. ¶¶9-17, and the record shows that Plaintiffs themselves drove up the cost of arbitration with unnecessary motion practice before the arbitration panel. Maloney Decl. ¶¶9-16.

Most importantly, the termination of the prior arbitration was without prejudice. As the Second Circuit has ruled, "the key to a waiver analysis is prejudice." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002). Prejudice would result only if the arbitration was terminated with prejudice or if the chosen arbitral forum refuses to administer the claim. *See Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Zaro Bake Shop, Inc.*, No. 20-cv-9894 (LJL), 2021 U.S. Dist. LEXIS 107832, at *53 (S.D.N.Y. June 8, 2021); *Gomez v. MLB Enters., Corp.*, No. 15-cv-3326 (CM), 2018 U.S. Dist. LEXIS 96145, at *35-36 (S.D.N.Y. June 5, 2018) (AAA refused to arbitrate *any* cases with defendant).

That has not occurred here. There is no evidence that the AAA would refuse to administer an arbitration involving NAVCAN or Defendants. Even if it did, all of the other Plaintiffs' claims could be arbitrated before a different, less expensive arbitral form because none of their Escrow Agreements require arbitration before the AAA. Where arbitration has not been "foreclosed" "as a remedy," the parties must arbitrate their disputes. *Study Edge, LLC v. N.Y.C. Dep't of Educ.*, No. 20-cv-7122 (AJN), 2021 U.S. Dist. LEXIS 174546, at *9 (S.D.N.Y. Sep. 14, 2021); *McNeil v. LVMH Inc.*, 2019 U.S. Dist. LEXIS 85399, at *13 (S.D.N.Y. May 20, 2019) (granting motion to compel because "[t]he arbitral body has given no indication that it will refuse to hear" the claim).

---

[3] The "Maloney Decl." refers to the Declaration of Michael James Maloney dated June 14, 2023 and filed with this letter.

Hon. Lorna G. Schofield
June 14, 2023
Page 3 of 3

Accordingly, the Court should issue and order compelling the Plaintiffs to arbitrate their claims and otherwise dismissing this case.

Defendants also request that the Court enter an Order permitting Defendant to seal the redacted portions of the annex to the Rinde Decl. The presumption of access to judicial documents is not absolute and may be overcome. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006). The redacted portion of this document contain sensitive commercial information, including the identify of Defendants' lender. This information is not related to the merits of the case, and disclosure of this information could negatively impact Defendants relationship with the lender and, therefore, harm Defendants. The redactions are narrowly tailored. Accordingly, the Court should enter an order permitting Defendants to submit the annex to the Rinde Decl. in redacted form. *See, e.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (granting application to redact client identities); *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14-CV-2270 (JMF), 2014 U.S. Dist. LEXIS 156008, at *17 (S.D.N.Y. Nov. 4, 2014) (permitting redactions of customer information not relevant to the claims).

                                                Respectfully submitted,

                                                */s/ Michael James Maloney*

                                                Michael James Maloney

cc:       All counsel of record.