**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NAVCAN.DC, Inc. (previously known as Cascade Divide Data Centers, Inc.), DACH Holdings, LLC, Silverstein Realty Group, Inc., Silver Springs Development, Inc., GGH, Inc., and Residencial de Chihuahua 2001, S.A. de C.V., | Case No.:1:23-cv-02267-LGS |
| Plaintiffs, | **DECLARATION OF MICHAEL JAMES MALONEY** |
| -against- | |
| Jeffrey Rinde and CKR Law LLP, | |
| Defendants. | |

MICHAEL JAMES MALONEY declares, pursuant to 28 U.S.C. 1746, as follows:

1.      I am an attorney duly admitted to practice law before the United States District Court for the Southern District of New York. I am a partner of Felicello Law P.C. and counsel of record for Defendants Jeffrey Rinde and CKR Law LLP ("CKR"). I submit this declaration in support of Defendants' motion for an Order, pursuant to Rule 12(b)(1) of the Fed. R. Civ. Proc. and 9 U.S.C. § 4, dismissing this action and compelling Plaintiffs to arbitrate all disputes.

2.      Paragraphs 11 and 13 of the Complaint refer to a prior arbitration between the parties. Complaint ("Compl.") ¶¶11,13.

3.      I was counsel for Defendants in the prior arbitration and have personal knowledge of those proceedings.

4.      The Escrow Agreement signed by Plaintiff NAVCAN.DC, Inc., formerly known as Cascade Divide Data Centers, Inc. ("NAVCAN"), required arbitration before American Arbitration Association (the "AAA").

5.     NAVCAN—as the sole claimant—commenced the prior arbitration before the AAA on or about October 29, 2021.

6.     On January 20, 2022 and February 22, 2022, NAVCAN amended its statement of claim to add as parties-claimant DACH Holdings, LLC ("DACH"); Silverstein Realty Group, Inc. ("SRG"); Silver Springs Development, Inc. ("Silver Springs"); GGH, Inc. ("GGH"); and Residencial de Chihuahua 2001, S.A. de C.V. ("Residencial"). Silver Springs is the assignee of Cordella Developments Corp. ("Cordella"), a signatory to an Escrow Agreement. (Collectively, Cascade, DACH, SRG, Silver Springs, GGH, and Residencial are referred to as the "Plaintiffs").

7.     None of the Escrow Agreements signed by the later-added Plaintiffs (DACH, SRG, Silver Springs, GGH, and Residencial) provided for arbitration before the AAA. Accordingly, Defendants timely objected to arbitration of their claims before the AAA.

8.     On or about April 13, 2022, the AAA appointed a tripartite panel of arbitrators in accordance with the terms of the arbitration provision of the Escrow Agreement signed by NAVCAN.

9.     Following appointment of the panel of arbitrators, Plaintiffs filed numerous motions and requests for panel intervention, including but not limited to the following:

     a.  Motion to confirm jurisdiction;

     b.  Motion to sever claims;

     c.  Motion to dismiss;

     d.  Letters requesting panel intervention on June 1, 2022, June 9, 2022, June 23, 2022, August 29, 2022, September 29, 2022, September 30, 2022, October 31, 2022, November 1, 2022; and

e.   Emails requesting panel intervention on a near weekly basis during the period June 2022 through November 2022.

10.   Defendants submit that nearly all of Plaintiffs' requests for panel intervention in the prior arbitration could have been resolved by good faith compromise by counsel regarding discovery and procedural matters.

11.   Annexed hereto as **<u>Exhibit A</u>** is a true and correct copy of an email exchange evidencing one instance where counsel for Plaintiffs resorted to panel intervention without any good faith effort to meet and confer regarding routine procedural matters.

12.   In a procedural order issued by the panel on September 9, 2022, the panel included separate paragraphs requiring the parties to meet and confer before making any further applications for panel intervention, including a waiting period requirement to "give the other side an opportunity to weigh in on the matter" before seeking action from the panel.

13.   Annexed hereto as **<u>Exhibit B</u>** is a true and correct copy of an excerpt of an email exchange with the arbitrations. Exhibit B evidences an instance where Plaintiffs' counsel submitted a letter to the panel less than two hours after the panel concluded a telephone conference with counsel and thereby triggering another round of unnecessary letter writing. In Exhibit B, the panel reminded counsel of the requirement to meet and confer.

14.   Contrary to the suggestion by Plaintiffs, the arbitration panel never ruled that sanction should be awarded against any party to the prior arbitration. Plaintiffs' made a motion for sanctions and the panel set a briefing schedule.

15.   Annexed hereto as **<u>Exhibit C</u>** is a true and correct copy of a November 15, 2022 email from the AAA along with a record of arbitration fees due and owing from Plaintiffs and Defendants at that time.

16.     Annexed hereto as **<u>Exhibit D</u>** is a true and correct copy of December 14, 2022 email from the AAA regarding Plaintiffs failure to pay their respective share of arbitration deposits requested.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 14, 2023

<i>/s/ Michael James Maloney</i><br>
Michael James Maloney