# FELICELLO

Michael James Maloney*
Partner

Felicello Law P.C.
366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
Direct +1 (646) 564-3510
mmaloney@felicellolaw.com

July 5, 2023

VIA ECF

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Tel. (212) 805-0288

Re:   *NAVCAN.DC, Inc. et al. v. Jeffrey Rinde, et al.*, Case No. 1:23-cv-02267-LGS
      Response to Plaintiffs' pre-motion letter of June 27, 2023

Dear Judge Schofield:

      I represent Defendants Jeffrey Rinde and CKR Law LLP ("CKR")(together, the "Defendants"). Pursuant to the Court's memo endorsement of June 28, 2023 (Dkt. 44), Defendants submit this letter in response to Plaintiffs' pre-motion letter of June 27, 2023. For the reasons stated below, Plaintiffs' request should be denied in all respects.

      Contrary to Plaintiffs' assertions, Defendants have at all times acted in good faith in discovery in this action. As Plaintiffs concede, Defendants served their initial disclosures on June 23, 2023 pursuant to a telephone conversation between counsel. Service of the initial disclosures on June 23, 2023, instead of June 22, 2023, is a de minimus variation from the deadline set forth in the Civil Case Management Plan and Scheduling Order and does not merit action by the Court. *See*, *e.g.*, *Gonzalez v. United States*, No. 22-cv-3370 (NRM) (JMW), 2023 U.S. Dist. LEXIS 84909, at *10 (E.D.N.Y. May 15, 2023), citing *Darwin v. Newburgh Operations, LLC*, No. 22-cv-872 (LJL), 2022 U.S. Dist. LEXIS 124190, at *2 (S.D.N.Y. July 13, 2022). Plaintiffs were previously advised of undersigned counsel' trial schedule (*see*, *e.g.*, Dkt. 37 at § 8(g)), and all of the information contained in the initial disclosures was previously provided to Plaintiffs during the prior arbitration. Accordingly, there has had no negative impact on the progress of discovery in this action.

      Plaintiffs' contentions in their June 26, 2023 letter (annexed hereto as <u>Ex. A</u>) about the content of Defendants' initial disclosures are without merit. First, Plaintiffs complain that Defendants did not identify the specific "subjects" of information that witnesses are likely to have.

*Admitted to practice law in New York

Hon. Lorna G. Schofield
July 5, 2023
Page 2 of 2

But the identities of the witnesses in Defendants' initial disclosures and their respective roles were previously disclosed in papers served in the prior arbitration, including in many instances request for the issuance of arbitral subpoenas and other correspondence and motion practice in the arbitration. In particular, in the prior arbitration Defendants sought leave in the assert third-party claims against many of the same persons identified as witnesses in the June 23, 2023 initial disclosures and Defendants third-party claims included allegations concerning the roles of these persons. Accordingly, Plaintiffs have long had knowledge of the relevance of the identified witnesses.

Plaintiffs' complaints regarding Defendants' recitation of documents likely to be discoverable are also without merit. All of these documents were previously produced in the prior arbitration on November 4, 2022. *See* Ex. B *annexed hereto*. Plaintiffs have had nearly eight months to review and familiarize themselves with the documents.

Plaintiffs' contention regarding insurance coverage is also without merit. As Defendants have advised Plaintiffs for many months, *see* Ex. C *annexed hereto*, Defendants' professional liability coverage was terminated at the end of 2019 for nonpayment. Defendants have produced the policy records that they have in their possession, custody, or control at this time. Defendants cannot create coverage where none exists.

Finally, Plaintiffs' requests should be denied for failure to comply with Local Rule 26.4(a), which provides that "Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures." In Plaintiffs' June 26, 2023 letter to Defendants, Plaintiffs set a unilateral deadline of "12:00PM EST tomorrow, June 27, 2023" for Defendants to respond to Plaintiffs' allegations concerning the initial disclosures. *See* Ex. A at 2. I emailed counsel for Plaintiffs on June 27 at 12:37 p.m. to advise them that Defendants intended to serve amended initial disclosures and to otherwise respond to Plaintiffs' contentions. Plaintiffs filed their pre-motion letter anyway, claiming that they had not seen my email. *See* Ex. D *annexed hereto*. This request is a waste of the Court's time and resources because each of Plaintiffs' contentions could have been resolved if Plaintiffs had engaged with Defendants on a good faith basis to resolve these issues without involvement of the Court. Defendants' have now served their First Amended Initial Disclosures, *see* Ex. E *annexed hereto*, which address each of Plaintiffs' contentions. The pre-motion letter, Defendants' response, and the Court's time devoted to this issue were entirely unnecessary.

For the foregoing reasons, the Court should deny Plaintiffs' request in all respects.

Respectfully submitted,

*/s/ Michael James Maloney*

Michael James Maloney

cc: All counsel of record.