*Conway & Conway*
*Attorneys at Law*
*99 Park Avenue, 6th Floor*
*New York, New York 10016*
*Tel: (212) 938-1080*
*Fax: (212) 938-1207*
*www.conwaysecuritieslaw.com*

Writer's Direct:
(212) 938-1080
kpc@conway-conway.com

July 6, 2023

**Via ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **NAVCAN.DC, Inc., et al. v. Jeffrey Rinde and CKR Law, LLP, Docket No. 23-cv-02267**

Dear Judge Schofield,

Please be advised that Conway & Conway represents Plaintiffs NAVCAN.DC, Inc. (previously known as Cascade Divide Data Centers, Inc.), DACH Holdings, LLC, Silverstein Realty Group, Inc., Silver Springs Development, Inc., GGH, Inc., and Residencial de Chihuahua 2001, S.A. de C.V (collectively, "Plaintiffs") in the above-referenced matter. Plaintiffs write in response to Defendants' Letter dated July 5, 2023. Plaintiffs note that Defendants have again disregarded the Court's Individual Rules, and explicit direction, to limit their submission to three pages.

FRCP 26(A)(1)(i) requires a party to disclose "the name… of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses[.]" FRCP 26(A)(1)(i) does not provide an exception to the requirement to produce said information where Defendants suspect Plaintiffs may be able to divine the information from some other filing Defendants made in a past proceeding. In any case, several of the individuals and entities included in Defendants' initial disclosures, including Sanxing Invest International Group Co., Limited and Zellex Ltd. f/k/a Zellex Management Services Ltd., were never identified by Defendants in the prior proceeding between the Parties. This point is now moot and Plaintiffs withdraw this branch of their letter motion, as Defendants, yesterday – almost two weeks past the deadline to do so, produced information in regard to the subjects the identified individuals allegedly have discoverable information on. However, Defendants' amended disclosures remain deficient as the other two points in Plaintiffs' letter motion, as will be detailed below.

FRCP 26(A)(1)(ii) requires that a party produce "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the

disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" The requirement here is not to identify documents produced in a previous proceeding, but to identify documents a party intends to use to support its claims or defenses in this proceeding. Plaintiffs are very much familiar with the documents previously produced by Defendants. What is most notable about these documents, however, is what is not included amongst them. Defendants have never produced to Plaintiffs even a single document evidencing Defendants' receipt of Plaintiffs' escrow funds, nor what Defendants did with the escrow funds. In fact, Defendants have not ever produced to Plaintiffs even a single statement, or any other document, relating to Defendants' escrow account at issue. Defendants have never produced to Plaintiffs even a single document reflecting a communication between any of the Plaintiffs and Defendants. Defendants' revised initial disclosures indicate that they will continue to refuse to produce these essential documents, as they did during discovery in the preceding arbitration, in contravention of Panel Orders.

Defendants' contentions in regard to their insurance coverage remain incredible. Defendants, during the preceding arbitration and after being ordered to do so by the Panel, produced to Plaintiffs evidence of insurance coverage only for part of the year 2019. Plaintiffs' complaint covers misconduct by Defendants dating back to 2015. Defendant CKR Law LLP was, at all relevant times, as a California Limited Liability Partnership engaged in the practice of law, required under law to maintain insurance coverage. Defendants' termination of their insurance after 2019 is totally irrelevant – the period in which Plaintiffs allege misconduct by Defendants is prior to that termination. Defendants know full well who their insurance provider was during the applicable period and are required to disclose, at a minimum, this information to Plaintiffs.

Finally, Plaintiffs have complied with Local Rule 26.4(a). Defendants failed to meet the initial deadline to produce initial disclosures on June 22, 2023. Late in the evening on June 23, 2023, only after being reminded of their obligation by Plaintiffs, Defendants produced initial disclosures that did not come close to meeting their disclosure obligations under the Federal Rules. Plaintiffs on June 26, 2023 did by letter set a unilateral deadline for Defendants to remedy the deficiencies[1] in their disclosures by noon on June 27, 2023 – five days after Defendants' deadline to produce the required disclosures to Plaintiffs. Despite responding to other emails on which Plaintiffs' counsel was copied and participating in a session with the court-appointed mediator on June 26, 2023, Defendants ignored Plaintiffs' June 26, 2023 letter, until after the deadline given by Plaintiffs. Defendants' intimation that Plaintiffs' counsel lied about seeing his late email until after filing their letter motion is without basis, and irrelevant, as Defendants did not bother to even produce the amended disclosures until yesterday afternoon, just nine days before the deadline for production of documents in this case.

Unfortunately, Plaintiffs are not unfamiliar with Defendants' course of behavior here. Throughout the preceding arbitration, and this proceeding, Defendants have repeatedly ignored deadlines to produce documents and information, been reminded of the deadlines by Plaintiffs,

---

[1] As Defendants have now produced amended disclosures, which remain deficient, Defendants clearly know that the disclosures they belatedly produced on June 23, 2023 were in violation of the Federal Rules.

2

then proceeded to produce documents or information that are insufficient to comply with orders and/or laws, at which point Plaintiffs again are forced to advise Defendants that they must comply with their obligations and are either ignored or met with vague promises that are never kept. During the preceding arbitration, it was only after Panel intervention that Defendants ever met an obligation to produce documents or information to Plaintiffs, and even when the Panel did intervene, Defendants simply ignored Panel Orders on numerous occasions. It is for this reason that the Panel was considering sanctions[2] against Defendants at the point the arbitration was terminated. It is unfortunate that Defendants utterly refuse to cooperate with Plaintiffs, and comply with their obligations under the law and the Orders of this Court, and that Plaintiffs are thus required to seek the Court's intervention to resolve issues that should never arise. However, having dealt with consistent similar behavior by these Defendants over the course of almost two years, Plaintiffs fully anticipate that absent action by the Court, Defendants' misconduct will continue.

For the reasons set forth above, Plaintiffs maintain their request that the Court promptly schedule a pre-motion discovery conference in anticipation of Plaintiffs' Motion to Compel, or that the Court issue an Order requiring Defendants to immediately produce initial disclosures in compliance with FRCP 26(A)(1) as detailed above. Plaintiffs further request that the Court award Plaintiffs their fees and costs associated with this motion, as a result of Defendants' continuing bad faith conduct. *See Sassower v. Field*, 973 F.2d 75, 80–81 (2d Cir. 1992) (court has inherent power to sanction party for vexatious or bad faith conduct).

Very Truly Yours,

Kevin P. Conway

**CC Via ECF:**

Michael J. Maloney, Esq.
Felicello Law P.C.
*Counsel for Defendants*

---

[2] Prior to the termination of the preceding arbitration due to Defendants' nonpayment of fees, the Panel had ordered Plaintiffs "to submit a letter brief setting forth the relief Claimants assert to be appropriate concerning Respondents' alleged sanctionable conduct, including through identifying adverse inferences[.]"

3