*Conway & Conway*
*Attorneys at Law*
*99 Park Avenue, 6th Floor*
*New York, New York 10016*
*Tel: (212) 938-1080*
*Fax: (212) 938-1207*
*www.conwaysecuritieslaw.com*

*Writer's Direct:*
(212) 938-1080
kpc@conway-conway.com

June 3, 2024

**Via ECF**
Magistrate Judge Jennifer E. Willis
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **NAVCAN.DC, Inc., et al. v. Jeffrey Rinde and CKR Law, LLP, Docket No. 23-cv-02267**

Dear Magistrate Judge Willis,

Please be advised that we represent the Plaintiffs in the above referenced case. We write in response to Defendants' Letter dated May 31, 2024.

**Defense Counsel's Pending Motion to Withdraw**

Plaintiffs initially note that Defendants' Counsel has failed to comply with the Court's Order to update the Court as to whether he continues to seek to withdraw from representation of Defendants. Defendants have submitted a letter attached to Defendants' Counsel's Letter seeking to delay this case yet again.[1] Plaintiffs request that the Court Order Defendants' Counsel to immediately clarify whether he intends to pursue his Motion to Withdraw, and if he does, to rule promptly on the Motion.

**Defendants' Document Production**

Defendants have produced an additional 343 pages of documents to Plaintiffs. The documents produced include a handful of email communications with the two Plaintiffs (GGH,

---

[1] Ironically, Defendants provide their own counsel with a familiar excuse as to their nonpayment of fees. Just as they represented to Plaintiffs repeatedly in regard to their escrow transactions as alleged in Plaintiffs' Complaint, Defendants intend to pay their counsel at some future date, but have not yet due to vague "international banking and related process and procedures." Plaintiffs see no reason that Defendants' representations should be credited, given their history of lying about meeting payment obligations, first to each of the Plaintiffs and other investors, and then to the American Arbitration Association as detailed in Plaintiffs' briefing on Defendants' failed Motion to Compel Arbitration.

Inc. and DACH Holdings, LLC) for whom Defendants previously failed to produce any communications. Plaintiffs GGH, Inc. and DACH Holdings, LLC each had far more email communications with Defendants than reflected in Defendants' supplemental production. The supplemental production also includes additional emails with other Plaintiffs that had previously been withheld. Plaintiffs do not believe that Defendants' supplemental production is close to complete. In addition to their incomplete production of emails, Defendants continue to withhold production of any and all non-email communications[2], including but not limited to text messages, WhatsApp messages, telephone logs, and any notes of telephone calls and/or in person meetings.

## Depositions

Defendants have advised that Mr. Rinde is available to sit for a deposition in September or October of this year. Obviously, a date four months from now, in a case where the original deadline to complete fact discovery expired on February 29, 2024, is unacceptable to Plaintiffs. Upon their receipt of complete document production, Plaintiffs intend to notice Mr. Rinde for a deposition in July.

Furthermore, Defendants for the first time provided notices of depositions to each of the Plaintiffs on May 31, 2024. While the Court ruled orally at the in-person conference held on May 17, 2024 that Plaintiffs' deadline to take the deposition of Mr. Rinde would be extended due to the delays caused exclusively by Defendants' continuous discovery malfeasance, Plaintiffs did not understand the Court's ruling to apply reciprocally to Defendants. Plaintiffs' document production to Defendants has been complete for over seven months, and the deadline for Defendants to take Plaintiffs' depositions expired on February 29, 2024. Plaintiffs submit that Defendants have waived their right to take depositions in this matter.

Plaintiffs note that due to Plaintiffs' Counsel's schedule, Plaintiffs' Counsel has not yet met and conferred with Defendants' Counsel in regard to the above-enumerated outstanding discovery issues. Though Plaintiffs' Counsel does not anticipate that such a meet and confer will be productive, Plaintiffs' Counsel intends to meet and confer, but felt it was necessary to submit this Letter in order to clarify the representations made in Defendants' Letter dated May 31, 2024.

---

[2] Plaintiffs previously noted Defendants' failure to produce non-email communications in their December 19, 2023 Letter to the Court.

Thank you for the Court's time.

Dated: April 24, 2024
      New York, New York

Very Truly Yours,

Kevin P. Conway

**CC Via ECF:**
Michael J. Maloney, Esq.
Felicello Law, P.C.
*Counsel for Defendants*
366 Madison Avenue, 3rd Floor
New York, NY 10017

3