**FELICELLO**  Michael James Maloney[*]  Felicello Law P.C.
Partner  366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
Direct +1 (646) 564-3510
mmaloney@felicellolaw.com

June 18, 2024

VIA ECF

Magistrate Judge Jennifer E. Willis
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *NAVCAN.DC, Inc. et al. v. Jeffrey Rinde, et al.*, Case No. 1:23-cv-02267-LGS
Joint Status Letter re: Motion for leave to withdraw as counsel for Defendants (ECF No. 81)
Discovery matters (ECF No. 99, 100)

Dear Judge Willis:

I write pursuant to the Court's June 4, 2025 Order (ECF No. 100) directing the parties to provide a joint status update regarding (i) my request for leave to withdraw as counsel for Defendants[1] and (ii) the outstanding discovery issues.

**Counsel requests leave to withdraw as counsel for Defendants.**

The remaining basis of my motion to withdraw is non-payment. *See* ECF No. 81, 98. No payment has been received. As set forth in the accompanying letter from Mr. Rinde, Defendants are requesting another extension of time to make payment. I hereby request that the Court enter an Order granting my motion for leave to withdraw and relieving me and my law firm as counsel for record for Defendants.

**Status update regarding discovery.**

<u>Defendants' statement regarding discovery</u>:

*Dispute concerning production of communications.*

In their letter of June 3, 2024, ECF No. 99, Plaintiffs complained that Defendants had not produced all communications between Defendants and Plaintiffs. On June 6, 2024, I met and conferred with counsel for Defendants by telephone regarding the discovery disputes. During the meet and confer, counsel for Plaintiff acknowledged that Defendants had produced email and text messaging communications between Plaintiffs and Defendants. Based on my discussion with counsel for Plaintiffs, it is my understanding that Plaintiffs' chief complaint is that certain of the Plaintiffs recall there being other, additional text message communications between the parties. But Plaintiffs do not have their own record of these alleged other text messages. Following the meet and confer, I confirmed with Mr. Rinde that his statements in the December 16, 2023 declaration remain true and Defendants had already provided all responsive text messages in their

---

[1] Defendants are Jeffrey Rinde and CKR Law LLP ("CKR").

*Admitted to practice law in New York

possession, custody, or control. *See* ECF No. 77-2. None of the text messages provided by Defendants are being withheld from production.

*Dispute concerning depositions.*

With respect to depositions, it is my understanding that Plaintiffs' complaints regarding depositions fall into two categories: the time limitations applicable to Mr. Rinde's deposition and Plaintiffs' objection to appearing for any depositions at all. Fed. R. Civ. P. 30(d)(1) ordinarily limits the time any witness can be deposed to 1 day and no more than 7 hours. In an email dated June 12, 2024, Plaintiffs request leave to depose Mr. Rinde for two days, seven hours each. By email dated June 14, 2024, Defendants agreed that Mr. Rinde would appear on August 8 and 9 for no more than 14 hours so long as Plaintiffs withdrew their objection to appearing for depositions. By email June 14, 2024, Plaintiffs objected to any time limitation to the deposition of Mr. Rinde and advised that Plaintiffs intend to maintain their objections to appearing for any depositions.

<u>Plaintiffs' statement regarding discovery</u>:

I. Document Production

Plaintiffs' Counsel met and conferred via telephone with Defendants' Counsel on June 6, 2024. Plaintiff s raised the discovery issues noted in Plaintiffs' Letter dated June 3, 2024 (ECF Docket No. 99). Defendants' counsel advised that he did not believe Defendants possessed any further relevant documents. While Plaintiffs do not believe this statement to be accurate as Plaintiffs had many communications with Mr. Rinde that have not been produced, Plaintiffs' counsel advised that Plaintiff s would accept an affidavit from Mr. Rinde stating that he possesses no further responsive documents after an additional search by Defendants. Plaintiff s have to date received no further response from Defendants, nor any additional document production.

II. Depositions

Defendants' Counsel proposed that Mr. Rinde's deposition be taken on July 31, August 8, or August 9. Plaintiffs responded that Plaintiffs' counsel is available to take Mr. Rinde's deposition in-person in New York on August 8 and 9. Plaintiff s further advised that they intend to take Mr. Rinde's deposition in both his individual capacity and then in his capacity as corporate representative of Defendant CKR Law LLP. Plaintiffs further advised that, due to the fact that this case involves six separate Plaintiff s who each had extensive dealing with Mr. Rinde, it is likely that more than seven (7) hours will be required to fairly examine Mr. Rinde. Defendants advised that Defendants would only agree to permit Mr. Rinde's deposition to be taken on those dates on the condition that the deposition be limited to fourteen (14) total hours and that Plaintiffs agree to dates on which Defendants are to take Plaintiffs' depositions. Plaintiff s maintain their position that Defendants have waived the taking of Plaintiffs' depositions, as the deadline for Defendants to do so was February 29, 2024.

Respectfully submitted,

*/s/ Michael James Maloney*

Michael James Maloney

cc:   All counsel of record.

*As to Plaintiffs' statement
regarding discovery:*

_____
Kevin Conway, Esq.
*Counsel for all Plaintiffs*