**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
NAVCAN.DC, INC., et al.,

                     Plaintiffs,                        **ORDER**

         -against-                         **23-CV-2267 (LGS) (JW)**

JEFFREY RINDE, et al.

                     Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      The Court is in receipt of the Parties' June 18, 2024, joint status letter regarding leave to withdraw as counsel for Defendants and discovery disputes. The joint status letter, among other issues, details the Parties' dispute on whether more responsive documents exist and should be produced by Defendants. Dkt. No. 101. The Court will return to this issue once Defendants obtain different counsel. The remaining issues are decided as follows:

      In a March 25, 2024 letter, counsel for Defendants requested leave to withdraw for non-payment of legal fees. Dkt. No. 81. In the March 25th letter, counsel indicated that as far back as January 13, 2024, notice was given to Defendants that counsel would withdraw if payment was not made. Id. On May 17, 2024, during an in-person conference, the Court was advised that Defendants and their counsel had reached an agreement on a forthcoming payment. Dkt. No. 102 at 4–5. Immediately after the conference, the Court entered an order directing Defendants to file a status update by May 31, 2024, updating the Court on the request to withdraw as counsel. Dkt. No. 95.

On May 31, 2024, counsel for Defendants wrote a letter to the Court revealing payment for legal fees had not been made and Defendants were requesting an additional two weeks to make the payment. Dkt. No. 98. Along with addressing other issues, the Court's June 4, 2024, order gave Defendants and their counsel until June 18, 2024, to resolve the payment issues. Dkt. No. 100. Defendants have had multiple opportunities to pay counsel and have failed to do so causing delays in resolving this action. With no trial date set and the impact of withdrawal being minimal, the Court finds non-payment as a sufficient reason for granting leave to withdraw. See Ferring B.V. v. Serenity Pharm., LLC, No. 17-CV-9922 (CM), 2019 WL 11027627, at *1 (S.D.N.Y. Aug. 19, 2019) Therefore, the request to withdraw as counsel for Defendants is **GRANTED**. Counsel for Defendants is ordered to provide a copy of this order to the Defendants and file proof of such on the docket.

In light of the Court granting counsel leave to withdraw, Defendants' request for an additional 13 days to pay their legal fees is **DENIED**. Mr. Rinde has until **July 8, 2024,** to retain new counsel or inform the Court that he intends to appear *pro se*.

The Parties joint status letter raises two deposition issues: 1) whether Plaintiffs may depose Mr. Rinde for more than seven hours; and 2) if Defendants are entitled to conduct any depositions of the Plaintiffs. Dkt. No. 101.

A. The Deposition of Mr. Rinde

Defendants assert that the Federal Rules of Civil Procedure provide that the deposition of a witness is ordinarily limited to no more than seven hours. Dkt. No. 101. Plaintiff asserts that given the case involves six different Plaintiffs, more than seven hours is needed to fairly depose Mr. Rinde. Id.

Federal Rule of Civil Procedure 30(d)(2) provides that a deposition is limited to seven hours and courts must allow additional time if needed to fairly examine the deponent. Fed. R. Civ. P. 30(d)(2). The Parties are directed to conduct Mr. Rinde's deposition in good faith within the seven-hour time limit. Should Plaintiffs find that additional time is needed after the initial deposition, they are to file a letter requesting additional time and attach the deposition transcript to the request.

While Mr. Rinde is set to appear for a deposition in his personal capacity, should Plaintiffs seek to depose him as the 30(b)(6) witness for Defendant CKR Law, LLP as well, they will be entitled to an additional seven hours after the procedural requirements for such are met.

B. Deposition of the Plaintiffs

The deadline to complete depositions closed on February 29, 2024. Dkt. No. 68. On February 21, 2024, Plaintiffs notified the Court that Defendants were not complying with discovery and requested that their deadline to complete depositions be extended to April 9, 2024. Dkt. No. 79. Defendants did not make a similar request, nor did they bring any difficulties with Plaintiffs depositions to

the Court's attention. Both Parties attended the May 17, 2024, conference where Plaintiffs reiterated their desire to conduct depositions and Defendants again failed to raise the issue. Dkt. No. 102 at 8. The Court's discussion regarding discovery and ruling was focused exclusively on Plaintiff's request for extension because Plaintiff should not be punished for Defendants' tardiness in complying with their discovery obligations. Dkt No. 102 at 11–12. For the reasons set forth above, Defendants are not permitted to conduct any depositions as the deadline to do so has expired.

**The Clerk of the Court is respectfully directed to terminate Michael James Maloney's representation of Defendants consistent with the order.**

SO ORDERED.

DATED:   New York, New York
         June 21, 2024

_____
JENNIFER E. WILLIS
United States Magistrate Judge