UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NAVCAN.DC, INC., et al.,

                        Plaintiff,                      **ORDER**

            -against-                      **23-CV-2267 (LGS) (JW)**

JEFFREY RINDE, et al.,

                        Defendant.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      After granting counsel for Defendants Jeffery Rinde ("Rinde") and CKR Law, LLP ("CKR," together with Rinde "Defendants") leave to withdraw, the Court sua sponte raised the concern about whether Defendant Rinde, who is an attorney, could appear on behalf of his co-defendant CKR for pre-trial purposes only. The Court finds that Defendant Rinde is not disqualified from representing Defendant CKR.

## I.    BACKGROUND

      By order dated July 11, 2024, the Court directed the Parties to file letters informing the Court on whether a pro se defendant who is an attorney may also represent a codefendant corporation.[1]  Dkt. No. 107.

      On July 22, 2024, Plaintiffs filed a letter arguing Defendant Rinde may not represent his co-defendant corporation CKR.  Dkt. No. 109.

      On July 23, 2024, Defendant Rinde filed a vague and conclusory letter rebutting the authority cited in Plaintiffs' letter.  Dkt. No. 112.  Defendant Rinde cites

---

[1] The Court acknowledges that Defendant CKR Law LLP is in fact a partnership.

no case law or authority affirmatively arguing that he may appear on behalf of Defendant CKR.

On July 23, 2024, Defendant Rinde attempted to represent his co-defendant CKR by filing a pro se appearance on their behalf. On July 25, 2024, the Court removed Defendant CKR's pro se designation and reminded Defendant Rinde to follow the Court's instructions. Dkt. No. 113. In the same order, the Court informed the Parties that their letters were under review and the decision of whether Defendant Rinde could represent his co-defendant would be decided in due course. Id.

In continued disregard of the Court's rulings, on August 8, 2024, Defendant Rinde filed an appearance on behalf of Defendant CKR before the Court decided whether he could do so. Dkt. No. 114.

## II. DISCUSSION

Plaintiffs' raise two arguments against Defendant Rinde appearing on behalf of his co-defendant CKR: (1) the attorney-witness rule; and (2) conflicts of interest between Defendants Rinde and CKR.

### A. Rule 3.7

Plaintiffs assert that Defendant Rinde is likely to be a witness in this matter as they intend to call him at trial. Dkt. No. 109. Plaintiffs noticed Defendant Rinde for depositions both in his individual capacity and as the corporate representative of CKR. Id. Because Defendant Rinde will likely be called as witness, Plaintiffs assert

2

that Rule 3.7 of the New York Rules of Professional Conduct ("Rule 3.7") precludes him from appearing on behalf of Defendant CKR.

Defendant Rinde argues that Rule 3.7 only precludes him from representing Defendant CKR at trial and not during pre-trial proceedings. Dkt. No. 112. Defendant Rinde declares he is actively seeking counsel for Defendant CKR and "fully expect to engage counsel as soon as possible and certainly in advance of trial." Dkt. No. 112.

Rule 3.7(a) provides "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" and list few exceptions. N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (Rule 3.7(a)). To guard against tactical use, motions to disqualify counsel are subject to "fairly strict scrutiny, particularly motions under the witness-advocate rule." Murray v. Metro. Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009).

Generally, disqualification under to attorney-witness rule only occurs when the lawyer is an advocate at trial. Bakken Res., Inc. v. Edington, No. 15-CV-08686 (ALC), 2017 WL 1184289, at *3 (S.D.N.Y. Mar. 29, 2017). However, Courts in this Circuit have found it appropriate to disqualify counsel when it was apparent the appearing attorney would be a crucial trial witness. Id.

New York Courts have also found that the attorney-witness rule does not "generally control when the attorney is also a litigant." Walker & Bailey v. We Try Harder, Inc., 123 A.D.2d 256, 257 (1st Dept. 1986). "Moreover, since a partnership is not a legal entity separate and apart from the individuals comprising it, there is no

3

ethical bar to the individual plaintiffs representing the plaintiff law firm." <u>Id.</u> (finding two lawyers in a two-person firm, could represent their firm at trial) (internal citation omitted); <u>see also</u> <u>Old Saratoga Square P'ship v. Compton</u>, 19 A.D.3d 823, 825 (3d Dept. 2005) ("[Named Partner] is a party as well as an advocate and potential witness. Under such circumstances, she should not have been disqualified under the advocate-witness rule.")

Here, Defendant Rinde is a litigant and the "sole partner of Defendant CKR Law." Dkt. No. 112. Therefore, for pre-trial purposes, those facts alone are not enough to warrant disqualification. <u>See</u> <u>Walker & Bailey</u>, 123 A.D.2d at 257; <u>Old Saratoga Square P'ship</u>, 19 A.D.3d at 825.

### B. Rule 1.7

Plaintiffs argue that Rule 1.7 of the New York Rules of Professional Conduct ("Rule 1.7") also precludes Defendant Rinde from appearing on behalf of his co-defendant CKR. Dkt. No. 109. Plaintiffs claim there is a conflict of interest between the Defendants as they suspect Defendant CKR has no assets and Defendant Rinde will therefore deflect all blame to his co-defendant. <u>Id.</u>

Rule 1.7 provides in part, "a lawyer shall not represent a client if a reasonable lawyer would conclude that… there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests." N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (Rule 1.7(a)(2)).

4

For similar reasons stated above, Defendant Rinde is not prevented from representing Defendant CKR because partnerships are not "legal entities separate and apart from the individuals comprising it." Walker & Bailey, 123 A.D.2d at 257; Old Saratoga Square P'ship, 19 A.D.3d at 825; cf Glob. Horizon Funding LLC v. Prestige Trucking Glob. LLC, 81 Misc. 3d 1228(A), at *2 (N.Y. Sup. Ct. 2024) ("unlike a partnership, an LLC, like a corporation or voluntary association, is created to shield its members from liability and once formed is a legal entity distinct from its members.") (internal quotations and citation omitted).

Plaintiffs then suggest that Defendant CKR may be able to assert third-party claims against Defendant Rinde. Dkt. No. 109. Plaintiffs conclude that Defendant Rinde cannot competently advise Defendant CKR whether to pursue third-party claims against himself. Id. (citing Schenck v Hill, Lent & Troescher, 130 A.D.2d 734, 734–735 (2d Dept 1987)).

Defendant Rinde counters that Rule 1.7 is inapplicable because no other partners of Defendant CKR exist. Dkt. No. 112. Therefore, no one but Defendant Rinde can assert third-party claims on behalf of Defendant CKR. Furthermore, Defendant CKR is "no longer in business… and winding up its affairs." Id. Defendant also asserts Schenck is distinguishable because it "involved a conflict of interest between a client and a law firm that was impleaded as a third party." Id.

The Court need not consider disqualification of Defendant Rinde based on potential third-party claims. Here, Defendant CKR's sole partner is Defendant Rinde. Dkt. No. 112. Thus, whether represented by Defendant Rinde or not, any

5

possible conflicted decision to bring third-party claims will be at the discretion of Defendant Rinde.

## CONCLUSION

After raising this issue sua sponte, for all the reasons stated above, The Court finds that Defendant Rinde may remain as counsel for Defendant CKR for pre-trial purposes. A separate determination may be made later of whether Defendant Rinde can remain as counsel for Defendant CKR at trial. Defendant Rinde is reminded to comply with the Local Rules and all individual orders by this Court.

SO ORDERED.

DATED:   New York, New York
         October 30, 2024

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge