UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAVCAN.DC, INC., et al.,<br><br>     Plaintiffs,<br><br>    v.<br><br>JEFFREY RINDE and CKR LAW, LLP,<br><br>     Defendants. | 23-CV-2267 (JAV) (JW)<br><br>**NOTICE OF REASSIGNMENT** |

JEANNETTE A. VARGAS, United States District Judge:

  This case has been reassigned to the undersigned. All counsel and pro se parties must familiarize themselves with the Court's Individual Practices, which are available at https://nysd.uscourts.gov/hon-jeannette-vargas. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment. Nothing herein shall affect the scope of the existing reference to the Magistrate Judge. Any conference or oral argument before or directed by the Magistrate Judge will proceed as ordered.

  Additionally, by **February 25, 2025**, the parties are hereby ORDERED to confer and prepare, and Plaintiffs are ORDERED to file on ECF and serve on pro se Defendant, a joint letter updating the Court on the status of the case. The joint letter shall provide the following information, to the extent it is relevant, in separate paragraphs:

  1. Names and current contact information of counsel and pro se Plaintiff, if different from the information currently reflected on the docket;

  2. A brief statement of the nature of the case and/or the principal defenses thereto;

  3. A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the

basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees;

4. A statement of all existing deadlines, due dates, and/or cut-off dates;

5. A statement of any previously-scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;

6. A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought;

7. A statement and description of any pending appeals;

8. A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;

9. A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

10. A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next 60 days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate;

11. An estimate of the length of trial; and

12. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.

If this case has been settled or otherwise terminated, the parties need not submit such letter or appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the joint letter submission deadline, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19, *available at* http://nysd.uscourts.gov/ecf_filing.php. Requests for extensions or adjournment of dates not affected by this Order may be made only in accordance with the Court's Individual Practices, including the Court's Individual Practices in Civil Pro Se Cases, which are available at https://nysd.uscourts.gov/hon-jeannette-vargas.

Dated: February 4, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

**INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES**
Honorable Jeannette A. Vargas, United States District Judge

***Pro Se* Office**
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 250
New York, NY 10007
(212) 805-0175
prose@nysd.uscourts.gov

Unless otherwise ordered by the Court, these Individual Rules apply to all civil cases involving *pro se* litigants (that is, litigants without counsel) before Judge Vargas.

1. **Communications with Chambers**

    A. **Telephone Calls by a *Pro Se* Party.** *Pro se* parties may not call the Court directly; any questions should be directed to the *Pro Se* Office at (212) 805-0175.

    B. **Written Communications By a *Pro Se* Party.** All communications with the Court by a *pro se* party should be in writing and delivered in person, mailed, or emailed to the *Pro Se* Office following the instructions in Paragraph 2(B) below. **No documents or court filings may be sent directly to Chambers.** Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (*e.g.*, if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so. Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

    C. **Contact Information.** *Pro se* parties are required to maintain their current mailing address on the docket at all times and must notify the Court of any change of address by filing a change of address form with the *Pro Se* Office.

D. **Communications by Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Vargas's Individual Practices in Civil Cases, available at https://www.nysd.uscourts.gov/hon-jeannette-vargas.

E. **Docketing of Communications with the Court.** Absent a request to file a communication with the Court under seal, the Court will docket any substantive communication with the Court on ECF, a publicly accessible database.

F. **Requests for Rescheduling a Conference or Extensions of Time.** All requests to reschedule a conference or extend a deadline must be made in writing and must state: (1) the original date(s) of the conference or deadline; (2) the reasons for the requested extension; (3) whether the other party or parties consent and, if not, the reasons given for refusing to consent; and (4) the date of the next scheduled appearance before the Court as well as any other existing deadlines. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be addressed to that assigned Magistrate Judge.

Absent an emergency, any request for an extension or to reschedule a conference must be made *at least 48 hours* prior to the deadline or scheduled appearance.

2. **Filing of Papers and Service**

    A. **Consent to Receive Electronic Service.** To ensure timely service of documents, including Court Orders, non-incarcerated *pro se* parties are encouraged to consent to receive electronic service through the ECF System. To do so, a *pro se* party should review the instructions and then submit a Consent to Electronic Service (both available at https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases).

    B. **Papers Filed by a *Pro Se* Party.** A *pro se* party may file papers with the Court by:

        i. delivering them in person or mailing them to the *Pro Se* Office, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Room 250, New York, New York 10007;

    ii. emailing them as an attachment in PDF format to prose@nysd.uscourts.gov, in which case the *pro se* party should follow the instructions contained in the April 1, 2020 Addendum to the Court's ECF Rules & Instructions, available at https://www.nysd.uscourts.gov/electronic-case-filing; or

    iii. filing them on the ECF System if the *pro se* party has filed a motion to participate in ECF (available at https://nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases and in the *Pro Se* Office) and been granted such permission by the Court.

**C. Service on a *Pro Se* Party.** Absent a *pro se* party consenting to receipt of electronic service, counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the *pro se* party was served will not be considered.

**D. Sensitive Information.** Unless relevant to the case, parties must not include in submissions to the Court (1) social security numbers; (2) names of minor children; (3) dates of birth; (4) financial account numbers; or (5) home addresses. *Pro se* parties wishing to file a document already containing this information must submit a redacted version to the *Pro Se* Office. If this information is relevant to the case, the filing party must request permission from the Court prior to filing and explain why the information needs to be included. More information regarding the Southern District's privacy policy is available at https://nysd.uscourts.gov/privacy-policy.

**E. Redactions and Filing Under Seal.** In limited circumstances, the Court may grant leave to a party to either redact information other than the sensitive information described in the preceding paragraph, or to file a document under seal. Information contained in a redacted or sealed document authorized by the Court is generally made available to the other parties in the case. Counseled litigants should adhere to the procedures set forth in the Court's Individual Rules and Practices in Civil Cases (https://www.nysd.uscourts.gov/hon-jeannette-vargas). *Pro se* litigants should submit a letter-motion to the Court if they would like permission to redact or seal information other than the categories listed in Paragraph 2.D.

3

3. **Discovery**

    A. **Discovery Requests.** All requests for discovery by a *pro se* party should be sent to counsel for the party from whom discovery is sought. Discovery requests should not be sent to the Court or filed on ECF.

    B. **Discovery Disputes.** If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention. If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than four pages and in accordance with Section 1 above, explaining the nature of the dispute and requesting an informal conference. If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed four pages.

4. **Motions**

    A. **Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

    B. *Pro Se* **Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

    C. **Copies of Briefs and Authority.** Parties filing any dispositive motions must provide incarcerated *pro se* parties with a copy of their supporting brief and copies of any caselaw or authority cited therein. The movant must also provide copies of the same upon request by non-incarcerated *pro se* parties.

    D. **Special Rule for Summary Judgment Motions.** With respect to any deposition that is supplied in connection with a summary judgment motion, the index to the deposition should be included if it is available.

    E. **No Courtesy Copies.** Parties should not submit courtesy hard copies of any submissions in *pro se* cases.

5. **Conferences**

A. **Notice and Scheduling.** Notices scheduling a court conference will be docketed on ECF and mailed to the *pro se* party or parties. Conferences may be held remotely or in person at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.

B. **Telephone and Video Conference ("Remote Conferences")**. Unless otherwise ordered by the Court, any Remote Conference will be held via a Microsoft Teams meeting organized by the Court. The following procedures shall apply to all Remote Conferences:

   i. Prior to the Remote Conference, the Court will issue an Order with instructions regarding how to join the Microsoft Teams meeting.

   ii. Persons in attendance who will not be speaking must have their videos off and be muted for the duration of the conference.

   iii. If the *pro se* litigant or counsel joins the Remote Conference by audio-only, *pro se* litigant or counsel should dial-in using a landline whenever possible, should use a headset or handset instead of speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise. To facilitate the creation of an accurate transcript if the conference is held on the record, the *pro se* litigant or counsel who are joining the conference audio-only are required to identify themselves every time they speak. The *pro se* litigant or counsel should spell any proper names for the court reporter. The *pro se* litigant or counsel should also take special care not to interrupt or speak over one another.

   iv. The broadcasting or recording of any court conference is prohibited by law.

C. **Incarcerated Parties.** An incarcerated party may not be able to attend scheduled in-person conferences but may be able to participate by telephone. If an incarcerated party is unable to participate by telephone, a family member or a representative may attend or otherwise participate in the conference. In such instances, the incarcerated party may write to the Court in advance of the conference regarding any issue the *pro se* party wishes to have addressed at the conference. If a representative is designated, that representative should contact Chambers at (212) 805-0210 to determine the location of the conference. The Court will also have a transcript of the

5

conference sent to the incarcerated party. If an incarcerated party does not have counsel and a representative cannot attend a conference, the *pro se* party should write to the Judge regarding any issue the *pro se* party wishes to have addressed at the conference.

6. **Trial Documents**

    A. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a *pro se* case shall file a concise, written Pretrial Statement. This Statement must contain the following:

        i. a statement of the facts the plaintiff hopes to prove at trial;

        ii. a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and

        iii. a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial.

    The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. If *pro se*, the plaintiff shall file an original of this Statement with the *Pro Se* Office. Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

    B. **Other Pretrial Filings**

        i. **Without a Jury.** If the case is to be tried before only a judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement. At the time of filing, a represented party should e-mail this document to the Court at [VargasNYSDChambers@nysd.uscourts.gov](mailto:VargasNYSDChambers@nysd.uscourts.gov), in Microsoft Word format. The *pro se* party may also file such document, but is not required to do so and need not submit it by email.

        ii. **With a Jury.** If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement. At the time of filing, a represented party should e-mail these documents to the Court

6

at VargasNYSDChambers@nysd.uscourts.gov, in Microsoft Word format. The *pro se* party may also file such documents, but is not required to do so and need not submit them by email.

7. **Resources for *Pro Se* Parties**

   A. **Court Website.** *Pro se* parties are directed to the Court's website (https://www.nysd.uscourts.gov/prose/role-of-the-prose-intake-unit/contact) for other important information concerning proceeding *pro se* in this Court.

   B. ***Pro Se* Clinic.** There is a *Pro Se* Law Clinic in this District to assist parties in civil cases who do not have lawyers. The Clinic may be able to provide a *pro se* litigant with advice in connection with his or her case. The *Pro Se* Law Clinic is run by a private organization; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse. Under normal circumstances, the Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. An unrepresented party can make an appointment by visiting the Clinic's website at https://www.nysd.uscourts.gov/attorney/legal-assistance or by calling (212) 659-6190.

   C. **ChatGPT.** The Court is aware that some *pro se* litigants will use ChatGPT to assist them with court filings. Those considering using ChatGPT should be mindful that while the tool can assist with grammar, clarity, and general writing, it is not a substitute for legal counsel and is not always reliable. ChatGPT has been known to provide fake case law or false information. *Pro se* litigants are strongly encouraged to "check their work" and to verify the information and legal citations that ChatGPT provides.