**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
NAVCAN.DC, Inc. (previously known as Cascade Divide Data  :
Centers, Inc.), DACH Holdings, LLC, Silverstein Realty Group,  :
Inc., Silver Springs Development, Inc., GGH, Inc., and                :
Residencial de Chihuahua 2001, S.A. de C.V.,                              :
                              Plaintiffs,                         :
                                                        :
          -against-                                                          : **Case No. 23-cv-02267**
                                                           :
Jeffrey Rinde and CKR Law LLP,                                               :
                            Defendants.                       :
-------------------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION**
**FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**


                                                    Jeffrey A. Rinde, Esq.
                                                    1230 Avenue of the Americas
                                                    Floor 16
                                                    New York, New York 10020
                                                    Tel. (646) 630-5059

                                                    *Pro Se and Attorneys for CKR Law LLP*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 3

DEFENDANTS' RESPONSES TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS ...... 6

LEGAL ARGUMENT .................................................................................................................... 6

    I.      Standard For Summary Judgment ..................................................................................... 6

    II.     Plaintiffs Should Be Denied Summary Judgment On Count One Of Their Complaint For Breach Of Contract As To The Escrow Payments ............................................................ 6

    III.    Plaintiffs Should Be Denied Summary Judgment On Count Two Of Their Complaint For Fraud And Fraudulent Concealment ................................................................................. 9

    IV.    Plaintiffs Should Be Denied Summary Judgment On Count Three Of Their Complaint For Negligent Misrepresentation ........................................................................................... 12

    V.     Plaintiffs Should Be Denied Summary Judgment On Count Four Of Their Complaint For Breach Of The Duty Of Good Faith And Fair Dealing ................................................... 14

    VI.    Plaintiffs Should Be Denied Summary Judgment On Count Five Of Their Complaint For Breach Of Fiduciary Duty .............................................................................................. 15

    VII.   Plaintiffs Should Be Denied Summary Judgment On Count Six Of Their Complaint For Conversion ....................................................................................................................... 15

    VIII.  Plaintiffs Should Be Denied Summary Judgment On Count Seven Of Their Complaint For Unjust Enrichment ..................................................................................................... 16

    IX.    Plaintiff SRG Should Be Denied Summary Judgment On Count Eight Of His Complaint For Breach Of His Retainer Agreement ........................................................................... 17

    X.     Plaintiffs Should Be Denied Summary Judgment On Count Nine Of Their Complaint For Breach Of Contract As To The Arbitration Agreement ................................................ 18

    XI.    Plaintiffs Should Not Be Awarded Statutory Interest, Attorneys' Fees, And Punitive Damages ........................................................................................................................ 18

CONCLUSION ............................................................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ............................................................. 6

*DBT Gmbh v. J.L. Min. Co.*, 544 F. Supp. 2d 364, 384 (S.D.N.Y. 2008) ................................................. 15

*Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008) .................................................................... 6

*In re Tremont Sec. Law, State Law, & Ins. Litig.* 2013 WL 5393885, at *8 (S.D.N.Y. 2013)    14

*J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148, 863 N.E.2d 585, 587 (2007)    14

*Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 146 (2d Cir. 2008)    9, 12, 14 - 18

*Mandarin Trading v. Wildenstein*, 16 N.Y.3d 173 (N.Y. 2011)    16

*Neely v. Residential Mortg. Solution, LLC*, 2015 WL 6438772, at *4 (EDNY 2015)    15

*RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC*, 156 F. App'x 349, 350–51 (2d Cir. 2005)  9, 12, 17 -18

*Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) ............................................................................ 6

**Rules**

Fed. R. Civ. P. 56(c)(1)(A)

12 , 14 - 18

## **PRELIMARY STATEMENT**

In the instant case each Plaintiff entered into a written loan agreement and other related agreements (collectively, each a "Loan Agreement") with a domestic third-party lender, either Straightline Capital, LLC ("Straightline Capital") or Monster Capital Corp ("Monster Capital", and together with Straightline Capital, the "Lenders"). The Loan Agreement was directly negotiated between each Plaintiff and one of the Lenders. Pursuant to the Loan Agreement, the Lenders agreed to disburse loan proceeds to each Plaintiff on an agreed upon schedule. The Lenders requested that each Plaintiff advance funds as a loan commitment fee (the "Loan Commitment Fee") in escrow. The Lenders then separately negotiated and entered into financial transactions with foreign parties (the "Lessor", referred to by Plaintiffs as the "Funds Provider") for the purpose of funding the loan obligations of Lenders to each Plaintiff through the leasing of a bank instrument. The Lenders intended to use a portion of the Loan Commitment Fee to pay the Lessor for the cost of obtaining a bank instrument. At all relevant times, Defendant CKR Law acted solely in the capacity of an escrow agent (the "Escrow Agent") whose obligations and responsibilities were qualified and limited pursuant to a written Escrow Agreement (collectively, the "Escrow Agreements") with each Plaintiff. In summary, CKR Law was to receive the Loan Commitment Fee and release a portion of the Loan Commitment Fee to the Lessor upon receipt of specified documents concerning the issuance of a bank instrument. The remaining balance of the Loan Commitment Fee was to be released pursuant to the Lender's written instructions.

Prior to CKR Law agreeing to act as an Escrow Agent, Defendants conducted significant due diligence on the Lenders and the Lessor, including with respect to the Lessor its capability and success on closing transactions similar to Plantiffs' loan transactions.

Each Escrow Agreement provided that "the Escrow Agent undertakes to perform only such duties as are expressly set forth in this Agreement. The Escrow Agent's duties shall be determined only with reference to this Agreement and applicable laws and it shall have no implied duties. The Escrow Agent shall not be bound by, deemed to have knowledge of, or have any obligation to make inquiry into or consider, any term or provision of any agreement between any of the Escrow Parties and/or any other third Parties or as to which the escrow relationship created by this Agreement relates, including without limitation any documents referenced in this

3

Agreement."

Each Escrow Agreement further provided that "except in cases of the Escrow Agent's bad faith, willful misconduct or gross negligence, the Escrow Agent shall be fully protected (i) in acting in reliance upon any certificate, statement, request, notice, advice, instruction, direction, other agreement or instrument or signature reasonably and in good faith believed by the Escrow Agent to be genuine, (ii) in assuming that any person purporting to give the Escrow Agent any of the foregoing in connection with either this Agreement or the Escrow Agent's duties, has been duly authorized to do so, and (iii) in acting or failing to act in good faith on the advice of any counsel retained by the Escrow Agent.  The Escrow Agent shall not be liable for any mistake of fact or law or any error of judgment, or for any act or omission, except as a result of its bad faith, willful misconduct or gross negligence. The Escrow Agent shall not be responsible for any loss incurred upon any action taken under circumstances not constituting bad faith, willful misconduct or gross negligence. Without limiting the generality of the foregoing, it is agreed that in no event will the Escrow Agent be liable for any lost profits or other indirect, special, incidental or consequential damages which the Parties may incur or experience by reason of having entered into or relied on this Agreement or arising out of or in connection with the Escrow Agent's services, even if the Escrow Agent was advised or otherwise made aware of the possibility of such damages; nor shall the Escrow Agent be liable for acts of God, acts of war, breakdowns or malfunctions of machines or computers, interruptions or malfunctions of communications or power supplies, labor difficulties, actions of public authorities, or any other similar cause or catastrophe beyond the Escrow Agent's reasonable control."

Defendants were not introduced to each of the Plaintiffs prior to execution of their respective Escrow Agreement. To the extent Defendant Rinde was introduced by the Lenders to any of the Plaintiffs or their lawyers prior to execution of their respective Escrow Agreement, it was as the managing partner of CKR Law. To the extent asked, Defendant Rinde would state my primary area of experience is as an international finance and securities attorney. If the Plaintiffs or their lawyers asked the Defendants any questions, whether prior to or after the execution of their respective escrow agreement, they were answered truthfully or it was explained they could not be answered due to confidentiality or attorney-client obligations.

At no time did Defendants represent to any of the Plaintiffs that they had previously consummated numerous similarly structured loan transactions with the same Lenders and Lessors or that the borrowers received

4

their promised loans from these Lenders. To the contrary, the Lenders represented to Defendants that they disclosed to each of the Plaintiffs prior to executing their respective Escrow Agreement that the bank instruments in each prior loan transaction were issued and monetized but the proceeds were not received yet by the borrowers due to bank, government, or other agency compliance review or related actions. Lenders further represented that following the initial similarly structured loan transaction its loan agreement and related agreements were amended to include a specific disclosure that could delay timing of payment of the loan proceeds to a borrower due to bank, government, or other agency compliance review.

In addition, Plaintiffs DACH Holdings, LLC ("DACH"), and Silverstein Realty Group ("SRG") had personal knowledge that the proceeds were not received yet by the prior borrowers. The principals of DACH solicited borrowers on behalf of the Lenders, both prior to and subsequent to its loan transaction, including Plaintiff GGH, Inc. ("GGH") The principal of Plaintiff SRG had a preexisting personal relationship with the Lenders and the principal of Plaintiff DACH, Donald Hirsch, and was also aware the proceeds were not received yet by the prior borrowers of Lenders.

The obligations of Defendants to Plaintiffs for the Loan Commitment Fee are set forth in each Escrow Agreement. Based on the facts, the Defendants had no legal obligation to return the Plaintiffs' escrow payments.

For each Plaintiff, Defendants believed in good faith the bank instrument was issued by the Lessor, the bank instrument was successfully monetized, the loan proceeds to be provided by the Lenders to the Plaintiffs were in overseas bank accounts for their benefit and would be released to the Lenders subject to satisfying various banking and regulatory issues. This belief was based on Defendants' personal knowledge from meetings, communications, and/or correspondence with bank officers, government officials, the Lessor, and the Lessor's accountants and other representatives. The Lender, Straightline Capital initially had the intended loan proceeds in five separate accounts at CBH Bank in the Bahamas. At the request of CBH Bank and consent of Straightline Capital and the Lessors, the funds were transferred to three separate accounts in the United Arab Emirates. Straightline Capital requested my assistance in facilitating the transfer of the intended loan proceeds to the United Arab Emirates and addressing any banking and regulatory issues.

Thus, Defendants, *pro se* and through their undersigned counsel, hereby submits this Memorandum of Law in Support of Their Opposition to Plaintiffs' Motion for Summary Judgment pursuant to Rule 56 of the Federal

5

Rules of Civil Procedure.

*See, for the above, Affirmation of Jeffrey A. Rinde in Support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment ("Rinde Affirmation") filed concurrently with this Memorandum of Law.*

### DEFENDANTS' RESPONSES TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS

Defendants incorporate by reference Defendants' Responses to Plaintiffs' Statement of Material Facts (the "RSMF") submitted together with this Memorandum of Law as if fully set forth at length herein. *See, Rinde Affirmation, Exhibit 1.*

### LEGAL ARGUMENT

**I.  Standard For Summary Judgment**

To prevail on a motion for summary judgment, the movant must "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. Holcomb v. Iona Coll., 521 F.3d 130, 132 (2d Cir. 2008). The burden only shifts to the non-moving party if the movant meets its burden. In determining whether there are genuine issues of material fact, a court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003); and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**II.  Plaintiffs Should Be Denied Summary Judgment On Count One Of Their Complaint For Breach Of Contract As To The Escrow Payments**

Each Escrow Agreement provided that "the Escrow Agent undertakes to perform only such duties as are expressly set forth in this Agreement. The Escrow Agent's duties shall be determined only with reference to this Agreement and applicable laws and it shall have no implied duties. The Escrow Agent shall not be bound by, deemed to have knowledge of, or have any obligation to make inquiry into or consider, any term or provision of any agreement between any of the Escrow Parties and/or any other third Parties or as to which the escrow relationship created by this Agreement relates, including without limitation any documents referenced in this Agreement."

Each Escrow Agreement further provided that "except in cases of the Escrow Agent's bad faith, willful

misconduct or gross negligence, the Escrow Agent shall be fully protected (i) in acting in reliance upon any certificate, statement, request, notice, advice, instruction, direction, other agreement or instrument or signature reasonably and in good faith believed by the Escrow Agent to be genuine, (ii) in assuming that any person purporting to give the Escrow Agent any of the foregoing in connection with either this Agreement or the Escrow Agent's duties, has been duly authorized to do so, and (iii) in acting or failing to act in good faith on the advice of any counsel retained by the Escrow Agent.  The Escrow Agent shall not be liable for any mistake of fact or law or any error of judgment, or for any act or omission, except as a result of its bad faith, willful misconduct or gross negligence. The Escrow Agent shall not be responsible for any loss incurred upon any action taken under circumstances not constituting bad faith, willful misconduct or gross negligence. Without limiting the generality of the foregoing, it is agreed that in no event will the Escrow Agent be liable for any lost profits or other indirect, special, incidental or consequential damages which the Parties may incur or experience by reason of having entered into or relied on this Agreement or arising out of or in connection with the Escrow Agent's services, even if the Escrow Agent was advised or otherwise made aware of the possibility of such damages; nor shall the Escrow Agent be liable for acts of God, acts of war, breakdowns or malfunctions of machines or computers, interruptions or malfunctions of communications or power supplies, labor difficulties, actions of public authorities, or any other similar cause or catastrophe beyond the Escrow Agent's reasonable control."

  Each Escrow Agreement was executed by the Lender, the Plaintiff borrower, and Defendant CKR Law. The obligations of Defendants to Plaintiffs for the Loan Commitment Fee are set forth in each Escrow Agreement. *See*, e.g. *Exhibits 3, 10, 17, 25, 29, and 34 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122)*. The conditions of each Escrow Agreement were satisfied and the agreement automatically terminated by its terms, as Defendants released funds, including a portion to itself, in accordance with the terms of the Escrow Agreement and written instructions from the Lenders and, if necessary, the Plaintiff borrower. *See, Rinde Affirmation, paragraph 10*; See, also, e.g., *Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript (Exhibit 1), Exhibits (Straightline Administrative Invoice)*. Based on the facts, the Defendants had no legal obligation to return the Plaintiffs' escrow payments.

  Contrary to Plaintiffs' statements, Defendants did not breach the Escrow Agreements. For each Plaintiff,

7

Defendants believed in good faith based on Lenders' representations the Lenders disclosed to each of the Plaintiffs prior to executing their respective Escrow Agreement that the bank instruments in each prior loan transaction were issued and monetized but the proceeds were not received yet by the borrowers due to bank, government, or other agency compliance review or related actions. In addition, Lenders further represented to Defendants that Plaintiffs' respective loan agreement and related agreements included a specific disclosure that could delay timing of payment of the loan proceeds to a borrower due to bank, government, or other agency compliance review. *See, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, e.g., at p. 89, ln. 7 – p. 90, ln. 9; p. 158, ln. 14 – p. 159, ln. 12; and p. 172, ln. 15 – p. 173, ln. 7 (including documents reviewed in connection with this testimony supporting Lenders' disclosures to Borrowers); See, also, Rinde Affirmation, Exhibit 11 (Loan Offer to Plaintiff GGH), Exhibit 12 (Cordella MOU); Exhibit 13 (Cascade LOI), and Exhibit 15 (Lender Residencial email)*. Lenders' representations are supported by related disclosures in the agreements between Plaintiffs and Lenders. *See, e.g, Rinde Affirmation, Exhibit 11 (Loan Offer to Plaintiff GGH), Exhibit 12 (Cordella MOU); Exhibit 13 (Cascade LOI), and Exhibit 15 (Lender Residencial email)*. Moreover, with respect to Plaintiffs DACH and SRG, each had personal knowledge that the proceeds were not received yet by the prior borrowers. The principals of DACH solicited borrowers on behalf of the Lenders, both prior to and subsequent to its loan transaction, including Plaintiff GGH. *See, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, e.g., at p. 158, ln. 6 – 13, and Rinde Affirmation, Exhibit 11*. The principal of SRG had a preexisting personal relationship with the Lenders and the principal of Plaintiff DACH, Donald Hirsch, and was also aware the proceeds were not received yet by the prior borrowers. *See, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, e.g., at p. 257, ln. 3 – p. 258, ln. 8, p. 262, ln 21 – p. 263, ln.2, and p. 264, ln. 11 – p. 265, ln. 18, and Rinde Affirmation, Exhibits 3 and 4 (SRG Emails)*.

Finally, based on Defendants' personal knowledge from meetings, communications, and/or correspondence with bank officers, government officials, the Lessor, and the Lessor's accountants and other representatives, for each prior loan transaction the bank instrument was issued by the Lessor, the bank instrument was successfully monetized, the loan proceeds to be provided by the Lenders to the Plaintiffs were in overseas bank accounts for their benefit, and would be released to the Lenders subject to satisfying various banking and regulatory issues. *See,*

*Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, at p.73, ln. 24 – p. 74, ln. 2; p. 81, ln. 5 – 12 and ln. 23 – p. 82, ln. 4; p. 143, ln. 23 – p. 144, ln. 8; and p. 144, ln. 12 – p. 145, ln. 10. See, also, Rinde Affirmation Exhibit 7 (Representative Straightline CBH Bank Statement), Exhibit 8 (Representative Trade Profits Schedule prepared by Lessor's accountants following meetings with Defendants), and Exhibit 14 (Lessor email).* Based on these same meetings, communications, and/or correspondence, Defendants believed the Plaintiffs would also receive their respective loan proceeds subject to satisfying any banking and regulatory requirements. *See, Rinde Affirmation, paragraph 11.* The Lender, Straightline Capital initially had the intended loan proceeds in five separate accounts at CBH Bank in the Bahamas. At the request of CBH Bank and consent of Straightline Capital and the Lessors, the funds were transferred to three separate accounts in the United Arab Emirates. Straightline Capital requested my assistance in facilitating the transfer of the intended loan proceeds to the United Arab Emirates and in addressing any banking and regulatory issues. *See, e.g., Rinde Affirmation, Exhibit 5 (Lessor Email), Exhibit 6 (MOF Letter), Exhibit 7 (Representative Straightline CBH Bank Statement), Exhibit 9 (MOF Letter), Exhibit 10 (Letter to CBH Bank), and Exhibit 14 (Lessor email).*

Based on the foregoing, Plaintiffs failed to meet their burden to show there is no genuine dispute as to a any material fact and the movant is entitled to judgment as a matter of law. See, RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC., 156 F. App'x 349, 350-51 (2d Cir. 2005). In the alternative, Defendants have satisfied their burden by citing to or providing admissible evidence sufficient to raise a genuine issue of fact for trial. See, Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 146 (2d Cir. 2008); and Fed. R. Civ. P. 56(c)(1)(A). Therefore, Plaintiffs should be denied summary judgment on their cause of action for breach of contract as to their escrow payments.

### III. Plaintiffs Should Be Denied Summary Judgment On Count Two Of Their Complaint For Fraud And Fraudulent Concealment

Defendants did not knowingly make the material omission of fact to each Plaintiff alleged by Plaintiffs. For each Plaintiff, Defendants believed in good faith based on Lenders' representations the Lenders disclosed to each of the Plaintiffs prior to executing their respective Escrow Agreement that the bank instruments in each prior loan transaction were issued and monetized but the proceeds were not received yet by the borrowers due to bank,

9

government, or other agency compliance review or related actions. In addition, Lenders further represented to Defendants that Plaintiffs' respective loan agreement and related agreements included a specific disclosure that could delay timing of payment of the loan proceeds to a borrower due to bank, government, or other agency compliance review. *See, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, e.g., at p. 89, ln. 7 – p. 90, ln. 9; p. 158, ln. 14 – p. 159, ln. 12; and p. 172, ln. 15 – p. 173, ln. 7 (including documents reviewed in connection with this testimony supporting Lenders' disclosures to Borrowers); ); See, also, Rinde Affirmation, Exhibit 11 (Loan Offer to Plaintiff GGH), Exhibit 12 (Cordella MOU); Exhibit 13 (Cascade LOI), and Exhibit 15 (Lender Residencial email)*. Moreover, with respect to Plaintiffs DACH and SRG, each had personal knowledge that the proceeds were not received yet by the prior borrowers. The principals of DACH solicited borrowers on behalf of the Lenders, both prior to and subsequent to its loan transaction, including Plaintiff GGH. *See, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, e.g., at p. 158, ln. 6 – 13, and Rinde Affirmation, Exhibit 11.* The principal of SRG had a preexisting personal relationship with the Lenders and the principal of Plaintiff DACH, Donald Hirsch, and was also aware the proceeds were not received yet by the prior borrowers. *See, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, e.g., at p. 257, ln. 3 – p. 258, ln. 8, p. 262, ln 21 – p. 263, ln.2, and p. 264, ln. 11 – p. 265, ln. 18, and Rinde Affirmation, Exhibits 3 and 4 (SRG Emails)*. Finally, contrary to Plaintiffs' statements the "escrow transactions" did not fail. *See, Rinde Affirmation, paragraphs 14, 18, 24, 28, 32, 36.* Rather, Lenders failed to fulfill its obligations under the Loan Agreement.

Based on Defendants' personal knowledge from meetings, communications, and/or correspondence with bank officers, government officials, the Lessor, and the Lessor's accountants and other representatives, for each prior loan transaction the bank instrument was issued by the Lessor, the bank instrument was successfully monetized, the loan proceeds to be provided by the Lenders to the Plaintiffs were in overseas bank accounts for their benefit, and would be released to the Lenders subject to satisfying various banking and regulatory issues. *See, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, at p.73, ln. 24 – p. 74, ln. 2; p. 81, ln. 5 – 12 and ln. 23 – p. 82, ln. 4; p. 143, ln. 23 – p. 144, ln. 8; and p. 144, ln. 12 – p. 145, ln. 10. See, also, See, also, Rinde Affirmation Exhibit 7 (Representative*

10

*Straightline CBH Bank Statement), Exhibit 8 (Representative Trade Profits Schedule prepared by Lessor's accountants following meetings with Defendants), and Exhibit 14 (Lessor email).* Based on these same meetings, communications, and/or correspondence, Defendants believed the Plaintiffs would also receive their respective loan proceeds subject to satisfying any banking and regulatory requirements. *See, Rinde Affirmation, paragraph 11*; and *Rinde Affirmation, Exhibit 5 (Lessor Email), Exhibit 6 (MOF Letter), Exhibit 7 (Representative Straightline CBH Bank Statement), Exhibit 9 (MOF Letter), Exhibit 10 (Letter to CBH Bank), and Exhibit 14 (Lessor email).*

  Defendants were not even introduced to each of the Plaintiffs prior to execution of their respective Escrow Agreement. *See, Rinde Affirmation, paragraph 6.* To the extent Defendant Rinde was introduced by the Lenders to any of the Plaintiffs or their lawyers prior to execution of their respective Escrow Agreement, it was as the managing partner of CKR Law. *See, Rinde Affirmation, paragraph 6.* To the extent asked, Defendant Rinde would state his primary area of experience is as an international finance and securities attorney. *See, Rinde Affirmation, paragraph 6.* If the Plaintiffs or their lawyers asked the Defendants any questions, whether prior to or after the execution of their respective escrow agreement, they were answered truthfully or it was explained they could not be answered due to confidentiality or attorney-client obligations. *See, Rinde Affirmation, paragraph 6.* At no time did Defendant Rinde (or Defendant CKR Law) represent to any of the Plaintiffs that he/it had previously consummated numerous similarly structured loan transactions with the same Lenders and Lessors or that the borrowers received their promised loans from these Lenders. *See, Rinde Affirmation, paragraph 7. See, also, for this paragraph, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, at p.78, ln. 20 – p. 79, ln. 3.* With respect to SRG, due to SRG's relationships with Mr. Hirsch and Mr. Siegel, SRG was also aware that at least one non-party borrower had commenced litigation with Defendants over the borrower's Loan Agreement, as both Mr. Hirsch and Mr. Siegel were named as co-defendants. *See, Rinde Affirmation, paragraph 35.*

  Plaintiffs allegation that Defendant Rinde had superior knowledge to that of Plaintiffs is misplaced. As stated, Defendants believed in good faith based on Lenders' representations the Lenders disclosed to each of the Plaintiffs prior to executing their respective Escrow Agreement that the bank instruments in each prior loan transaction were issued and monetized but the proceeds were not received yet by the borrowers due to bank, government, or other agency compliance review or related actions. *See, Exhibit 1 to Declaration of Kevin P. Conway*

11

*in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, e.g., at p. 89, ln. 7 – p. 90, ln. 9; p. 158, ln. 14 – p. 159, ln. 12; and p. 172, ln. 15 – p. 173, ln. 7 (including documents reviewed in connection with this testimony supporting Lenders' disclosures to Borrowers); See, also, Rinde Affirmation, Exhibit 11 (Loan Offer to Plaintiff GGH), Exhibit 12 (Cordella MOU); Exhibit 13 (Cascade LOI), and Exhibit 15 (Lender Residencial email).* Plaintiffs' allegation that Defendant Rinde made misrepresentations and omissions to Plaintiffs with the intent to cause them to execute their respective Escrow Agreement is similarly misplaced and not supported by the evidence. Plaintiffs were required to execute the Escrow Agreement as a condition to a Loan Agreement entered into with the Lenders which was negotiated directly between the Lenders and the Plaintiffs. *See, Rinde Affirmation, paragraph 2.*

    Plaintiffs also falsely accuse Defendants of having diligently worked to conceal their fraud from Plaintiffs. However, anytime the Plaintiffs or their lawyers asked the Defendants any questions, whether prior to or after the execution of their respective escrow agreement, they were answered truthfully or it was explained they could not be answered due to confidentiality or attorney-client obligations. *See, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, at p.78, ln. 20 – p. 79, ln. 3.* This is also belied by the allegations and documents produced in the arbitration, *CKR Law LLP fka Crone Kline Rinde LLP vs. Anderson Investments International, LLC, et al. - JAMS Ref No. 1425032887*, which arbitration the Plaintiffs were fully aware of.

    Based on the foregoing, Plaintiffs failed to meet their burden to show there is no genuine dispute as to a any material fact and the movant is entitled to judgment as a matter of law. See, <u>RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC.</u>, 156 F. App'x 349, 350-51 (2d Cir. 2005). In the alternative, Defendants have satisfied their burden by citing to or providing admissible evidence sufficient to raise a genuine issue of fact for trial. See, <u>Jaramillo v. Weyerhaeuser Co.</u>, 536 F.3d 140, 146 (2d Cir. 2008); and Fed. R. Civ. P. 56(c)(1)(A). Therefore, Plaintiffs should be denied summary judgment on their cause of action for fraud and fraudulent concealment.

**IV. Plaintiffs Should Be Denied Summary Judgment On Count Three Of Their Complaint For Negligent Misrepresentation**

    As detailed in Section III above, Defendants were not negligent in failing to disclose that Defendants had acted as the escrow agent for prior loan transactions with the Lenders or concealing material information from Plaintiffs,

nor did Plaintiffs reasonably rely on the alleged omission.

For each Plaintiff, Defendants believed in good faith based on Lenders' representations the Lenders disclosed to each of the Plaintiffs prior to executing their respective Escrow Agreement that the bank instruments in each prior loan transaction were issued and monetized but the proceeds were not received yet by the borrowers due to bank, government, or other agency compliance review or related actions. In addition, Lenders further represented to Defendants that Plaintiffs' respective loan agreement and related agreements included a specific disclosure that could delay timing of payment of the loan proceeds to a borrower due to bank, government, or other agency compliance review. *See, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, e.g., at p. 89, ln. 7 – p. 90, ln. 9; p. 158, ln. 14 – p. 159, ln. 12; and p. 172, ln. 15 – p. 173, ln. 7 (including documents reviewed in connection with this testimony supporting Lenders' disclosures to Borrowers); See, also, Rinde Affirmation, Exhibit 7 (Representative Straightline CBH Bank Statement), Exhibit 8 (Representative Trade Profits Schedule prepared by Lessor's accountants following meetings with Defendants), Exhibit 11 (Loan Offer to Plaintiff GGH), Exhibit 12 (Cordella MOU); Exhibit 13 (Cascade LOI), Exhibit 14 (Lessor email), and Exhibit 15 (Lender Residencial email).* Moreover, with respect to Plaintiffs DACH and SRG, each had personal knowledge that the proceeds were not received yet by the prior borrowers. *See, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, e.g., at p. 158, ln. 6 – 13, p. 257, ln. 3 – p. 258, ln. 8, p. 262, ln 21 – p. 263, ln.2, and p. 264, ln. 11 – p. 265, ln. 18, and Rinde Affirmation, Exhibits 3 and 4 (SRG Emails) and Exhibit 10.* Finally, contrary to Plaintiffs' statements the "escrow transactions" did not fail. *See, Rinde Affirmation, paragraphs 14, 18, 24, 28, 32, 36.* Rather, Lenders failed to fulfill its obligations under the Loan Agreement.

In addition, each Escrow Agreement further provided that "except in cases of the Escrow Agent's bad faith, willful misconduct or gross negligence, the Escrow Agent shall be fully protected in acting in reliance upon any certificate, statement, request, notice, advice, instruction, direction, other agreement or instrument or signature reasonably and in good faith believed by the Escrow Agent to be genuine. The Escrow Agreements state that the Escrow Agent shall not be liable for any mistake of fact or law or any error of judgment, or for any act or omission, except as a result of its bad faith, willful misconduct or gross negligence. The Escrow Agent shall not be responsible for any loss incurred upon any action taken under circumstances not constituting bad faith, willful misconduct or

gross negligence. Defendants in good faith relied on the representations of Lenders, who are parties to the Plaintiffs' Escrow Agreements. *See*, e.g. *Exhibits 3, 10, 17, 25, 29, and 34 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122)*. Plaintiffs reference to a prior arbitration is inadmissible evidence and, in any event, the same admissible evidence was not before the arbitrator in that proceeding that is in front of this Court.

Based on the foregoing, Plaintiffs failed to meet their burden to show there is no genuine dispute as to a any material fact and the movant is entitled to judgment as a matter of law. See, J.A.O. Acquisition Corp. v. Stavitsky, 8 N.Y.3d 144, 148, 863 N.E.2d 585, 587 (2007). In the alternative, Defendants have satisfied their burden by citing to or providing admissible evidence sufficient to raise a genuine issue of fact for trial. See, Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 146 (2d Cir. 2008); and Fed. R. Civ. P. 56(c)(1)(A). Therefore, Plaintiffs should be denied summary judgment on their cause of action for negligent misrepresentation.

**V.     Plaintiffs Should Be Denied Summary Judgment On Count Four Of Their Complaint For Breach Of The Duty Of Good Faith And Fair Dealing**

As detailed in Sections II, III and IV above (including the admissible evidence cited to or provided therein and the Rinde Affirmation), Defendants did not breach their duty of good faith and fair dealing, as Plaintiffs' allege, for failing to disclose to Plaintiffs that Defendants had acted as the escrow agent for prior loan transactions with the Lenders, by concealing material information from Plaintiffs, or refusing to return Plaintiffs' respective escrow payment (referred to by the Defendants as the "Loan Commitment Fees").

Based on the foregoing, Plaintiffs failed to meet their burden to show there is no genuine dispute as to a any material fact and the movant is entitled to judgment as a matter of law. See, In. re Tremont Sec. Law, State Law, & Ins. Litig., 2013 WL 5393885, at *8 (S.D.N.Y. 2013). In the alternative, Defendants have satisfied their burden by citing to or providing admissible evidence sufficient to raise a genuine issue of fact for trial. See, Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 146 (2d Cir. 2008); and Fed. R. Civ. P. 56(c)(1)(A). Therefore, Plaintiffs should be denied summary judgment on their cause of action for breach of the duty of good faith and fair dealing.

## VI. Plaintiffs Should Be Denied Summary Judgment On Count Five Of Their Complaint For Breach Of Fiduciary Duty

As detailed in Sections II, III and IV above (including the admissible evidence cited to or provided therein), Defendants did not breach their fiduciary duty, as Plaintiffs' allege, by inducing each Plaintiff to enter into its respective Escrow Agreement, by concealing material information from Plaintiffs, or refusing to return Plaintiffs' respective escrow payment.

As to SRG, as previously detailed in Section II above, the principal of Plaintiff SRG had a preexisting personal relationship with the Lenders and the principal of Plaintiff DACH, Donald Hirsch, and was aware the proceeds were not received yet by the prior borrowers of Lenders and the ongoing efforts to secure the funds from the Lessors. The prior transactions were also discussed directly with Defendant Rinde, in connection with the retainer agreement with Defendant CKR Law. *See, Exhibit 1 to Declaration of Kevin P. Conway in Support of Plaintiff's Motion for Summary Judgment (Dkt 122), Rinde Deposition Transcript, e.g., at p. 257, ln. 3 – p. 258, ln. 8, p. 262, ln 21 – p. 263, ln.2, and p. 264, ln. 11 – p. 265, ln. 18; and Rinde Affirmation, paragraphs 33 – 36.*

Based on the foregoing, Plaintiffs failed to meet their burden to show there is no genuine dispute as to a any material fact and the movant is entitled to judgment as a matter of law. See, DBT Gmbh v. J.L. Min. Co., 544 F. Supp. 2d 364, 384 (S.D.N.Y. 2008). In the alternative, Defendants have satisfied their burden by citing to or providing admissible evidence sufficient to raise a genuine issue of fact for trial. See, Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 146 (2d Cir. 2008); and Fed. R. Civ. P. 56(c)(1)(A). Therefore, Plaintiffs should be denied summary judgment on their cause of action for breach of fiduciary duty.

## VII. Plaintiffs Should Be Denied Summary Judgment On Count Six Of Their Complaint For Conversion

As detailed in the Preliminary Statement and Section II above (including the admissible evidence cited to or provided therein), Plaintiffs were not entitled to a return of their respective Loan Commitment Fee (referred to by the Plaintiffs as the "Escrow Payments"). In addition, Defendant CKR Law acted solely in the capacity of an escrow agent whose obligations and responsibilities were qualified and limited pursuant to the written Escrow Agreements with no obligations to facilitate funding of loans, which were the subject of separate Loan Agreement negotiated directly with the Lenders. *See, also, Rinde Affirmation, paragraphs 1 – 5.*

Based on the foregoing, Plaintiffs failed to meet their burden to show there is no genuine dispute as to a

any material fact and the movant is entitled to judgment as a matter of law. See, Neely v. Residential Mortg. Solution, LLC, 2015 WL 6438772, at *4 (E.D.N.Y. 2015). In the alternative, Defendants have satisfied their burden by citing to or providing admissible evidence sufficient to raise a genuine issue of fact for trial. See, Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 146 (2d Cir. 2008); and Fed. R. Civ. P. 56(c)(1)(A). Therefore, Plaintiffs should be denied summary judgment on their cause of action for conversion.

**VIII.   Plaintiffs Should Be Denied Summary Judgment On Count Seven Of Their Complaint For Unjust Enrichment**

As detailed in the Preliminary Statement and Section II above (including the admissible evidence cited to or provided therein and the Rinde Affirmation), Plaintiffs were not entitled to a return of their respective Loan Commitment Fee (referred to by the Plaintiffs as the "escrow payments"), which were. In addition, for all prior loan transactions, Defendants believed in good faith the bank instrument was issued by the Lessor, the bank instrument was successfully monetized, and the loan proceeds to be provided by the Lenders to the other non-party borrowers were in overseas bank accounts for their benefit and would be released to the Lenders subject to satisfying various banking and regulatory issues. This belief was based on Defendants' personal knowledge from meetings, communications, and/or correspondence with bank officers, government officials, the Lessor, and the Lessor's accountants and other representatives. Contrary to Plaintiffs' allegations, Defendants believed in good faith the Plaintiffs would also receive their respective loans from the Lenders. Moreover, Defendants did not retain Plaintiffs' respective Loan Commitment Fee. Defendant CKR Law released a portion of the Loan Commitment Fee to the Lessor upon receipt of specified documents concerning the issuance of a bank instrument and the remaining balance of the Loan Commitment Fee was released pursuant to the Lender's written instructions.

Based on the foregoing, Plaintiffs failed to meet their burden to show there is no genuine dispute as to a any material fact and the movant is entitled to judgment as a matter of law. See, Mandarin Trading v. Wildenstein, 16 N.Y.3d 173 (N.Y. 2011), at 182. In the alternative, Defendants have satisfied their burden by citing to or providing admissible evidence sufficient to raise a genuine issue of fact for trial. See, Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 146 (2d Cir. 2008); and Fed. R. Civ. P. 56(c)(1)(A). Therefore, Plaintiffs should be denied summary judgment on their cause of action for unjust enrichment.

**IX.     Plaintiff SRG Should Be Denied Summary Judgment On Count Eight Of His Complaint For Breach Of His Retainer Agreement**

Plaintiff SRG, entered into a written memorandum of understanding and other related agreements (collectively, the "SRG Agreement") with Monster Capital, as joint venture partners, to form a new limited liability company. The principal and owner of Monster is the principal of Plaintiff DACH Holdings, Donald Hirsch. Prior to entering the SRG Agreement, Mr. Hirsch and Plaintiff DACH Holding's other principal Tony Ciccarelli, solicited and introduced numerous potential borrowers to Straightline, including Plaintiff GGH. The SRG Agreement was directly negotiated between SRG, Monster Capital, and Straightline's principals, David Ault and Rick Siegel. In connection with the SRG Agreement, SRG agreed to advance funds to be paid into escrow to acquire a bank instrument (the "Asset Fee"). By separate agreement, SRG and Mr. Siegel agreed to each be responsible for 50% of the Asset Fee. Monster Capital then separately negotiated and entered into financial transactions with the Lessor.

Contrary to Plaintiff SRG's allegation, the ostensible purpose of SRG entering into a retainer agreement was not to facilitate the consummation of SRG's escrow transaction. SRG entered into a retainer agreement for legal services with Defendant CKR Law relating to a loan transaction with Straightline (referred to in the retainer agreement as a "Debt Financing") to be similar yet materially different from the other Plaintiffs and non-party borrowers' loan transactions. *See, Rinde Affirmation, Exhibit 1*. In connection with the retainer agreement, Defendants reviewed and/or commented on the SRG Agreement. Defendants also revised the agreements and/or drafted additional agreements as requested by SRG. *See, e.g., Rinde Affirmation, Exhibits 2 and 3*. Defendants fully performed its obligations under the SRG retainer agreement. In addition, pursuant to Section 12 of the Addendum to the SRG retainer agreement any claim is subject to final and binding arbitration under JAMS Comprehensive Arbitration Rules and Procedures within the State of New York. *See, Rinde Affirmation, Exhibit 2*.

Based on the foregoing, Plaintiff SRG failed to meet its burden to show there is no genuine dispute as to a any material fact and the movant is entitled to judgment as a matter of law. See, RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC., 156 F. App'x 349, 350-51 (2d Cir. 2005). In the alternative, Defendants have satisfied their burden by citing to or providing admissible evidence sufficient to raise a genuine issue of fact for trial. See, Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 146 (2d Cir. 2008); and Fed. R. Civ. P. 56(c)(1)(A). Therefore, Plaintiff SRG should be denied summary judgment on its cause of action for breach of its retainer agreement.

17

X.     **Plaintiffs Should Be Denied Summary Judgment On Count Nine Of Their Complaint For Breach Of Contract As To The Arbitration Agreement**

Defendants dispute the contention by Plaintiffs that Defendants persistently obstructed the AAA proceeding. By August 16, 2022— only four months after appointment of the arbitration panel, Defendants had already paid over $68,487.50 in arbitration fees for the arbitration involving Plaintiffs.

Defendants dispute Plaintiffs' contention that their arbitration fees resulted from Defendants' failure to arbitrate in good faith. Most of these arbitration fees resulted from numerous requests by Plaintiffs for panel intervention that could have been avoided by good faith efforts by Plaintiffs to compromise on discovery issues. In particular, Plaintiffs filed numerous motions or other requests for panel intervention relating to discovery and other matters that could have been resolved by compromise. In nearly every request made by Plaintiffs, they requested that the panel award sanctions. By November 2022, the excessive motion practice by Plaintiffs resulted in the parties being invoiced a total of $331,525 in arbitration fees and deposits. On November 17, 2022, the AAA suspended the arbitration proceedings. Although the text of the suspension refers to non-payment by Defendants, records from the AAA show that Plaintiffs owed at least $111,328.25 in arbitration fees unpaid by Plaintiffs. In their complaint, Plaintiffs admit that their "inability" to pay was a cause for termination of the prior arbitration.

 Defendants note that Plaintiffs previously made a motion for sanctions and the panel set a briefing schedule. The arbitration panel never ruled that sanctions were warranted against any party.

*See, for above, Declaration of Jeffrey Rinde in Support of Letter Motion (Dkt 38 and 39).*

Based on the foregoing, Plaintiffs failed to meet its burden to show there is no genuine dispute as to a any material fact and the movant is entitled to judgment as a matter of law. See, <u>RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC.</u>, 156 F. App'x 349, 350-51 (2d Cir. 2005). In the alternative, Defendants have satisfied their burden by citing to or providing admissible evidence sufficient to raise a genuine issue of fact for trial. See, <u>Jaramillo v. Weyerhaeuser Co.</u>, 536 F.3d 140, 146 (2d Cir. 2008); and Fed. R. Civ. P. 56(c)(1)(A). Therefore, Plaintiffs should be denied summary judgment on its cause of action for breach of contract as to the arbitration agreements.

XI.    **Plaintiffs Should Not Be Awarded Statutory Interest, Attorneys' Fees, And Punitive Damages**

As detailed in Sections II above (including the admissible evidence cited to or provided therein), Defendants did not breach the Escrow Agreements and Plaintiffs are not entitled to statutory interest.

Defendants dispute section 5(c) of the Plaintiffs' Escrow Agreements authorizes the Court to award attorneys' fees in the event of the Escrow Agent's bad faith, willful misconduct, or gross negligence. See, RSMF, ¶ 89. Defendant further dispute Plaintiffs' other alleged grounds for awarding attorneys' fees.

As detailed in the Preliminary Statement, Sections II and III above (including the admissible evidence cited to or provided therein) and the Rinde Affirmation (including all exhibits thereto), Defendants contend an award of punitive damages is not appropriate and vehemently deny Plaintiffs' false, malicious, and slanderous allegations and assertions.

## CONCLUSION

For all the foregoing reasons, Defendants request that this Court issue an Order denying Plaintiffs' summary judgment on each of their causes of action against Defendants, along with whatever other and further relief the Court deems just and equitable.

Dated: New York, New York
July 28, 2025

Respectfully submitted,

By: _____*/s/ Jeffrey A. Rinde*_____
Jeffrey A. Rinde
1230 Avenue of the Americas
Floor 16
New York 10020
Tel. (646) 630-5056

*Pro se and Attorney for CKR Law LLP*